The opinion of the Court was delivered by
Johnson, J.
If the ground taken in arrest of judgment had been made the basis of a motion for a new trial, I am not prepared to say what influence it ought to have had. I think the propriety of such verdicts, in this action, or the action of trover, in which they are in common use, to the extent to compel the defendant to restore the property, may be questionable,[1] as in the event of any accident which would put it out of his power, he would be compelled to resort to the Court of Equity for relief; and they ought therefore to be discountenanced ;• but I am clearly of opinion, that it furnishes no reason for arresting the judgment. In a legal point of view, this alternative forms no part of the judgment, and the plaintiff might have proceeded as though no such provision had been annexed; and I think he would have be„en justifiable, unless, as was the fact in this case, he had given his express assent, for it could only be regarded as a surplusage.[2] I am, therefore, opposed to the motion in arrest of judgment.
As to the grounds taken for a new trial, I am of opinion : 1. That in the action of trespass, vi et armis, *the plaintiff is not only entitled to damages for the injury done in taking away goods, but that he is entitled to recover the value of the goods ; and that a recovery in this action is a bar to an action of trover for the same goods.[3] 1 Morgan’s Essays, 402 ; Thos. Raymond, 412 ; 2 Yentris, 169.
Daniel, for the motion. Witherspoon, contra.
2: I stated to the jury, and am still of opinion, that the deed vested no other right in the defendant, Johnson, than the right of possession, until the Herrings should attain the age of twenty-one years, and that they were then entitled to the possession without a general account with him; and admitting the general principle to be, that the trustee has a lien on, and a right to the possession of the trust property, until the expenses in relation to it are discharged, yet there was no evidence of any thing due on this account, and the defendant, Johnson, by voluntarily parting with the possession, had lost these rights as between himself and a purchaser.
3. Although there was some question made, (and as I then thought, and still think, against the weight of evidence,) as to the fact that the Herrings were of age at the time of selling to the plaintiff, I am of opinion, (even admitting they were not,) that the sale was valid, when accompanied by a delivery, at least against the present defendant. It was clear that the Herrings were of age at the time of his trespass, and as his right to the possession was terminated, he was therefore a wrong doer.
The question of fraud, I am of opinion, could not be tried in this case, as between the defendant, Johnson, as a creditor, and the plaintiff; if the sale to the plaintiff operated as a fraud on him in that character, [on the defendant as creditor,] it gave him no right to the possession; he must therefore restore it, or answer for it in damages; and if that be the case, the law has distinctly marked out the course which he ought to have pursued, and he has but to retrace his steps, and begin where he ought at first.
*The motion for a new trial ought, therefore, also to be discharged.
Colcock, Nott, Curves, and Gantt, JJ., concurred.

 Post, 241.

 See 2 Sp. 374.

 Etters vs. Wilson, Columbia, May, 1859, 11 Rich. Jones vs. McNeil, 2 Bail. 474.