## ANDREW J. RIDER v. FRANK H. KITE.

1. When a committing magistrate, upon examination, discharges from custody an accused person who has been brought before him by virtue of an arrest on a warrant issued upon a complaint of a breach of the criminal law, the prosecution commenced by such complaint is terminated so that the accused may commence an action for malicious prosecution against the complainant.

2. The supplement to the Criminal Procedure act of March 12th, 1878 (*Gen. Stat.*, p. 1144, § 124), and the supplement to the same act of March 24th, 1892 (*Gen. Stat.*, p. 1152, § 162), do not continue the prosecution of such a complaint after the discharge of the accused.

---

On error to Mercer Circuit.

The record returned with this writ shows a judgment against plaintiff in error in favor of defendant in error in an action for malicious prosecution.

A bill of exceptions shows that, to prove the termination of the prosecution complained of, evidence was given that Kite was arraigned before a justice of the peace upon a charge

of breaking and entering, &c., made by Rider; that a hearing was demanded by Kite and accorded by the justice, and that upon such hearing the justice dismissed the complaint and discharged Kite from custody. It further appears that the above was the only evidence that the prosecution had been terminated before the commencement of the action. Thereupon a nonsuit was asked and refused, and an exception to said refusal was allowed.

Argued at June Term, 1897, before MAGIE, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and GUMMERE.

For the plaintiff in error, *W. Holt Apgar.*

For the defendant in error, *Aaron V. Dawes.*

The opinion of the court was delivered by.

MAGIE, CHIEF JUSTICE. The only question presented in this case is, whether there was sufficient evidence that the prosecution, which was claimed to be malicious, had been terminated before the commencement of the action. If not, it was error to refuse the nonsuit, for nothing is better settled in this state than that such action cannot be maintained unless the prosecution complained of had been terminated before the commencement of the action. *Potter* v. *Casterline,* 12 *Vroom* 22; *Apgar* v. *Woolston,* 14 *Id.* 57; *Lowe* v. *Wartman,* 18 *Id.* 413.

The contention on the part of plaintiff in error is that, under our Criminal Procedure act as amended, the discharge by the magistrate of an accused person, upon examination, does not terminate the prosecution, but that it remains pending until the grand jury has considered, or at least has had an opportunity to consider, the complaint by which the prosecution was commenced.

It is not denied that, prior to the adoption of the amendments to the Criminal Procedure act, to which our attention is called, such a discharge would have terminated the prose-

cution so as to give a cause of action to the injured party if the prosecution was malicious. Clearly it would have done so. For such an action may be brought whenever the particular prosecution complained of has been ended, although the accused may still be liable to be called to answer for the same offence. The prerequisite is only that the particular prosecution be disposed of in such a manner that it cannot be revived, and the complainant, if he intends to proceed further, must institute proceedings *de novo. Apgar* v. *Woolston, ubi supra; Clark* v. *Cleveland,* 6 *Hill* 344. When, upon a criminal complaint, an accused person is arrested and brought before a magistrate, the latter, upon examination, may require the accused to enter into recognizance to abide the action of the grand jury, and in default of such recognizance, commit him to jail for the same purpose, or he may dismiss the complaint and discharge the accused from custody. When the former course is pursued, it is obvious that the prosecution has not terminated, for the accused is either confined or under recognizance until the complaint whereon he was arrested has been further considered. But when the latter course is taken and the accused discharged, it is equally obvious that the particular prosecution is at an end, for, although the complaining witness may voluntarily go before the grand jury and charge the accused with the same offence, and an indictment may even be found, yet such prosecution would be a new one commenced by the complainant before the grand jury and not founded on the original complaint. *Apgar* v. *Woolston, ubi supra; Fay* v. *O'Neill,* 36 *N. Y.* 11; *Robbins* v. *Robbins,* 133 *Id.* 597; *Moyle* v. *Drake,* 141 *Mass.* 238.

The legislation which, it is contended, has changed this rule is contained in two supplements to the Criminal Procedure act; the first approved March 12th, 1878 (*Gen. Stat., p.* 1144, § 124), and the second approved March 24th, 1892 (*Gen. Stat., p.* 1152, § 162).

By the first of these supplements every justice of the peace is required to transmit to the prosecutor of the pleas of his county, "every complaint, warrant, recognizance, and all other

papers in every criminal case," and a failure to perform this duty, by delivering such matters to the prosecutors, the day before the first day of each term, is made a misdemeanor.

The second supplement requires every committing magistrate to keep a book in which he shall enter the name of every person against whom he shall issue a warrant, with other particulars respecting the charge and the proceedings thereon, and to transmit the book to the prosecutor within ten days before each term, with all papers in his possession " relating to criminal business."

The contention is that, notwithstanding a complaint has been dismissed, and the accused discharged from custody under the warrant, the fact that the complaint and warrant are transmitted to the prosecutor of the pleas, continues the prosecution originally begun by the complaint. But this contention cannot prevail. If it be assumed that the legislative intent expressed in this supplement was to require the transmission of dismissed complaints (which admits of a doubt), it is impossible to discover an intent to impose upon the prosecutor as a duty, to submit such complaints to the grand jury. Doubtless, if upon examination he should be of opinion that the accused in any case had been improperly discharged, he might lay that case before the grand jury, but the prosecution thus commenced would be a new one, not founded on the original complaint, although begun upon information derived therefrom. This supplement has not changed the rule that fixed the termination of a criminal prosecution, for the purpose of maintaining an action of this kind, at the period of the discharge of the accused from custody under the warrant.

The other supplement has no applicability. Its purpose is expressed to be merely to enable the prosecutor to have a check upon committing magistrates, and to assure himself that all papers relating to criminal matters had been sent to him.

The result is that the nonsuit was rightly refused, and the judgment must be affirmed.