### HARRELSON v. JOHNSON

#### (111 S. E. 882)

MALICIOUS PROSECUTION—DISCHARGE ON PRELIMINARY INVESTIGATION SUFFICIENT TERMINATION.—The discharge of accused by a magistrate on preliminary investigation is such a termination of the prosecution as will sustain an action for malicious prosecution.

Before MEMMINGER, J., Georgetown. May, 1921. Affirmed.

Note: As to when is an action sufficiently at an end to support a suit for malicious prosecution, see notes in 2 L. R. A. (N. S.) 927, and 39 L. R. A. (N. S.) 1215.

Action by A. B. Harrelson against A. P. Johnson. From order overruling demurrer to the complaint the defendant appeals.

*Messrs. Capers B. Barr* and *L. M. Gasque,* for appellant, cite: *Necessary for complaint to allege that prosecution is at an end, and show how is was terminated*: 3 McC. 463; 4 McC. 354; 34 S. C. 326; 2 N. & McC. 143; 57 S. C. 256; 26 Cyc. 55; 2 N. & McC. 54; 1 N. & McC. 36. *Preliminary hearing not final adjudication*: Crim. Code 1912, Sec. 33. *Preliminary examination not necessary prerequisite to an indictment*: 54 S. C. 300; 43 S. C. 108. *Nor a bar to a second examination*: 12 Cyc. 313. *Nor conclusive as to grade of the offense*: 14 S. C. 346; 43 S. C. 4; 90 S. C. 167; R. C. L. 104. *Discharge by magistrate on preliminary is not final*: 43 S. C. 108; 54 S. C. 300.

*Messrs. James W. Wingate* and *M. W. Pyatt,* for respondent, cite: *Allegation of discharge by magistrate is sufficient*: 3 McC. 461; 4 McC. 354; 108 S. C. 489. *Magistrate must have authority to discharge*: 57 S. C. 256; 14 A. & E. Enc. L. (1st Ed.) 28; Ann. Cas. 1913A 926; 18 R. C. L. 23.
April 28, 1922.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

· Action for malicious prosecution. The appeal is from an order overruling a demurrer to the complaint, upon the general ground, specifying the particular objection that it failed to allege a final determination of the prosecution claimed to have been maliciously instituted.

The sole question at issue in the appeal is whether or not the discharge of a defendant by a magistrate, upon preliminary investigation, is such a termination of the prosecution as will supply that necessary element in a sub-

sequent action for malicious prosecution. Narrowing the issue still further, it is whether the element referred to is established by the termination of the particular proceeding instituted, or must there be an adjudicaton of the innocence of the party prosecuted.

My conception of the law is that the remedy accorded a citizen of damages for a malicious prosecution is intended to prevent and redress the malicious abuse of the process of the law, and that, when the particular proceeding instituted in malice had been legally terminated, the remedy of the injured party has matured; he is not required to await an acquittal, an adjudication of his innocence, which may never come, and may be purposely prevented. A contrary ruling would permit a maliciously disposed prosecutor to hale the defendant before every magistrate in the country, or before the same magistrate a dozen times, and be immune from damages by allowing the case to be dismissed by the magistrate.

As is said in 18 R. C. L. 23:

"To require a trial of the action on the merits resulting in an acquittal, would be to permit a prosecutor to do all the damage which a malicious prosecutor can possibly effect, and then deny the accused the opportunity to vindicate himself by a trial, by having the proceeding quashed or dismissed and thus escaping all liability for the wrong unlawfully inflicted. So, as a general rule, all that is required is that there be an end to the particular proceeding."

The precise point was raised and decided in conformity with this view in the following cases: *Rider v. Kite,* 61 N. J. Law 8, 38 Atl. 754. *Long v. Rogers,* 17 Ala. 540. *Schaefer v. Cremer,* 19 S. D. 656, 104 N. W. 468. *Mentel v. Hippely,* 165 Pa. 558, 30 Atl. 1021. *Secor v. Babcock,* 2 Johns. (N. Y.) 203. *Findley v. Bullock,* 1 Blackf. (Ind.) 467. *Comisky v. Breen,* 7 Ill. App. 369. *Gibbs v. Ames,* 119 Mass. 60. *Sayles v. Briggs,*

4 Metc. (Mass.) 421. *Moyle v. Drake,* 141 Mass. 238, 6
N. E. 520. *Eagleton v. Kabrich,* 66 Mo. App. 231. *Clark
v. Cleveland,* 6 Hill (N. Y.) 344. *Robbins v. Robbins,*
133 N. Y. 598, 30 N. E. 977. *Streight v. Bell,* 37 Ind.
550. *McWilliams v. Hoban,* 42 Md. 56. *Jones v. Finch,*
84 Va. 204, 4 S. E. 342. *Graves v. Scott,* 104 Va. 372,
51 S. E. 821, 2 L. R. A. (N. S.) 927, 113 Am. St.
Rep. 1043, 7 Ann. Cas. 480—and many more could be
cited upon the point. See full notes to 2 L. R. A. (N. S.)
927 and Ann. Cas. 1913A, 926, 26 Cyc. 58. In a note
to 26 Am. St. Rep. 123, Judge Freeman states:

"It is sometimes stated that it (the prosecution) must
have terminated in his acquittal, but this is not true.
It is sufficient if the prosecution has ended, so that it can-
not be reinstated nor further maintained without com-
mencing a new proceeding; but it must have been termin-
ated in some of the several modes in which it is possible
for a criminal proceeding to reach a stage beyond which
the accused cannot be further prosecuted therein."

He further states:

"If the examining magistrate finds that there is not
sufficient cause to hold the accused to answer, and there-
fore discharges him, that prosecution is thereby ended and
the consideration that other prosecutions may be brought
against the same person on the same charge * * * can-
not prevent the action of the magistrate from having its
effect as a termination of the prosecution before him, suf-
ficient to support a civil action."

In the case of *Caldwell v. Bennett,* 22 S. C. 1, the
plaintiff had been arrested, charged with stealing cotton
from the field. He was carried before a magistrate, who
on a preliminary examination dismissed the prosecution
for insufficiency of evidence. The party prosecuted then
brought an action for malicious prosecution. In sustaining
refusal of nonsuit, the Court said:

"For it is quite clear that there was testimony that the prosecution was ended."

In *Whaley v. Lawton,* 57 S. C. 256, 35 S. E. 558, the Court says:

"For this reason the rule also requires that the prosecution must have been legally ended before any action for malicious prosecution can be commenced."

In the case last cited the Court held that the prosecution had not been legally ended by a discharge of the prisoner by a ministerial magistrate of Charleston for the reason that he had no legal authority to discharge a defendant. The implication is strong that if he had had such authority his discharge would have constituted an end of the prosecution.

In *Shackleford v. Smith,* 1 Nott & McC. 36, it was held that a nol. pros. entered by the solicitor upon the warrant, without taking an order of discharge, was not a termination of the prosecution, for the very plain reason that he could have recalled his entry and tried the defendant.

In *Thomas v. De Graffenreid,* 2 Nott & McC., 143, it is held that the return of a "no bill" without an order of the Court is not a termination of the prosecution, for another bill could be handed out.

To the same effect is *Teague v. Wilks,* 3 McCord, 465. *Heyward v. Cuthbert,* 4 McCord, 354.

The fact that the absence of an order of Court in these cases was so emphasized by the Court contains a strong implication that, if the order had been obtained, the discharge, though not an acquittal, would have ended the prosecution.

The case of *Glover v. Heyward,* 108 S. C. 489, 94 S. E. 878, seems to me absolutely conclusive of the question. In that case Mr. Justice Watts uses this language:

"Magistrate Weston had jurisdiction of the case, and

dismissed the charge and discharged Glover, and that terminated the case as far as the warrant was concerned. His order was binding and released Glover, and then Glover had the right to commence his action for damages."

The fact that the offense in that case was within the jurisdiction of the magistrate for trial· cannot possibly affect the question. In the present case the magistrate had as full jurisdiction to discharge the prisoner as the magistrate in the last case cited; that the latter might have tried the case does not enlarge his power of discharge, or make it superior in any way to that of the magistrate in the case at bar.

The order appealed from is affirmed.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS concur.

MR. JUSTICE FRASER (dissenting) : This is an action for malicious prosecution. The complaint reads:

"(1) That heretofore, to wit, on the 15th day of January, 1920, the defendant applied for and obtained from C. W. Rouse, Esq., a magistrate in and for the State and county aforesaid, an arrest warrant for the plaintiff, charging the plaintiff with breach of trust with fraudulent intent, in that the plaintiff did receive and collect from one Dave Shackleford a sum of $100 or more on behalf of A. P. Johnson, & Son, and did appropriate the same to his own use with intent to cheat and defraud A. P. Johnson & Son of the same against the form of the statute in such cases made and provided, a copy of the said arrest warrant being attached as a part and parcel of this complaint.

"(2) That under and by virtue of the said arrest warrant the plaintiff was arrested by the sheriff of Georgetown County, and was compelled to appear before the said magistrate and make arrangements for his release in order to avoid being committed to jail.

"(3) that the defendant willfully, wantonly, maliciously, and recklessly, and without probable cause, took out the said arrest warrant against the plaintiff and caused him to be arrested as aforesaid.

"(4) That on the 31st day of March, 1920, the plaintiff appeared before the said magistrate for a preliminary hearing under the said warrant, this being the date fixed for the hearing by the said magistrate, and at the said time and place the defendant and all of his witnesses were then and there examined under oath, before the said magistrate, as to the facts constituting the alleged charge of breach of trust with fraudulent intent brought against the plaintiff by the defendant, and, after the defendant and all of his witnesses were duly examined as aforesaid, the defendant wholly failed to make out a probable case against the plaintiff on the alleged charge, and the warrant was dismissed, and the plaintiff discharged and exonerated of and from the said charge, by the said magistrate, for the reason that there was no evidence to substantiate the said charge.

"(5) That the defendant, in order to obtain the said arrest warrant against the plaintiff, made an affidavit charging the plaintiff with having collected from one Dave Shackleford a sum of money over $100, the property of A. P. Johnson & Son, and converted the said money to his own use with the intent to cheat and defraud the said A. P. Johnson & Son.

"(6) That, as plaintiff is informed and believes, the firm of A. P. Johnson & Son consists of the said A. P. Johnson and his son, Victor M. Johnson.

"(7) That, on account of the willful, wanton, malicious, reckless, and high-handed action of the defendant in taking out the said arrest warrant against the plaintiff without probable cause, and compelling the plaintiff to submit to the humiliation, disgrace, and embarrassment of being

arrested on the allged charge of breach of trust with fraud-
ulent intent, and, further on account of the plaintiff having
to leave his work on several occasions to attend the hear-
ing of the said case, and to employ attorneys to represent
him, he has been damaged in the sum of $2,500.

"(8) That the defendant's action in taking out the said
arrest warrant against the plaintiff and thereby causing him
to be arrested as aforesaid, without probable cause, was done
willfully, wantonly, maliciously, recklessly, and with an
intent to harass, embarrass, annoy, oppress and humiliate
the plaintiff.

To this complaint the defendant demurred, on the ground
that the complaint does not state a cause of action, in that
it fails to state a final determination of the prosecution.
The demurrer was overruled, and the defendant appealed.

The question is, Does the discharge of the prisoner on
a preliminary hearing make such a final determination of
the case as to form the basis of an action for malicious
prosecution? The question is discussed and decided by
the case of *Whaley v. Lawton*, 57 S. C. 256, at page
259, 35 S. E. 558, at page 559, we find:

"The first question depends upon several subordinate
inquiries: First. Whether there was any allegation in
the complaint in the first cause of action that the prose-
cution complained of was ended. The rule is well settled
that such an allegation is essential to an action for mali-
cious prosecution, for the very good reason that until the
prosecution is ended, it cannot be known whether the pros-
ecution is well founded or not; and, as is said in one of the
cases hereinafter cited, 'this absurdity might follow—a
plaintiff might recover in the action and yet be afterwards
convicted on the original prosecution.' For this reason the
rule also requires that the prosecution must have been
legally ended before any action for malicious prosecution
can be commenced."

The dismissal of the defendant on a preliminary hearing does not finally determine the matter, as a new warrant may be issued by another magistrate, or the matter may be carried before the grand jury. A careful reading of *Whaley v. Lawton* will show that the rule is clearly stated, and Mr. Chief Justice McIver declined to discuss the difference between the powers of the ministerial and judicial magistrate. The point decided is that the dismissal of a prosecution that is not a final determination of the matter is not the basis for a suit for malicious prosecution.

The order overruling the demurrer should be reversed, and the demurrer sustained.