20125

Thomas RUFF, Respondent, v. ECKERDS DRUGS, INC., Appellant.

(220 S. E. (2d) 649)

*Messrs. Turner, Padget, Graham & Laney,* of Columbia, for *Appellant,* cite:

*Luther M. Lee, Esq.,* of Columbia, *for Respondent,* cites:

December 8, 1975.

NESS, Justice:

Thomas Ruff was awarded One Thousand ($1,000.00) Dollars actual and punitive damages in his suit against Eckerds Drugs for malicious prosecution. Eckerds appeals urging the lower court erred in refusing its motion for a non-suit and directed verdict. We agree.

Viewing the evidence most favorably to the respondent, he and three companions were shopping in an Eckerds Drug Store when they were approached by the manager who suspected them of shoplifting. The respondent assaulted the manager[1] and he followed the respondent outside and ac-

---

[1] Although the respondent denied assaulting the manager, he was convicted of simple assault, and did not appeal from this verdict.

cused him of shoplifting. They verbally exchanged unpleasantries; however, the respondent denied any cursing or use of loud or boisterous language. The manager attempted to make a citizen's arrest; the following day the respondent was arrested on a warrant charging simple assault and disorderly conduct.

Subsequently, the respondent was convicted of simple assault. The disorderly conduct charge was dismissed and the respondent's action for malicious prosecution is based upon the dismissal.

In order to recover in an action for malicious prosecution, "the plaintiff must show (1) the institution or continuation of original judicial proceedings, either civil or criminal; (2) by, or at the instance of, the defendant; (3) termination of such proceeding in plaintiff's favor; (4) malice in instituting such proceedings; (5) want of probable cause, and (6) resulting injury or damage. *Parrott v. Plowden Motor Company,* 246 S. C. 318, 321, 143 S. E. (2d) 607 (1965).

The respondent satisfied the first three requirements since the warrant was issued at the instance of the manager and the dismissal of the disorderly conduct charge was a termination in favor of the respondent. *Jennings v. Clearwater Mfg. Co.,* 171 S. C. 498, 172 S. E. 870 (1934). The theory upon which the respondent relies to satisfy the other requirements is premised upon the fact disorderly conduct and simple assault are independent charges with separate elements. We are in accord with this position, *State v. Hill,* 254 S. C. 321, 175 S. E. (2d) 227 (1970); however, we are unable to translate it into a maintainable suit for malicious prosecution.

Since respondent denied cursing and the use of loud or boisterous language, he argues a jury could find a want of probable cause on the disorderly conduct charge. To satisfy the remaining requirements, the respondent relies upon the general rule that malice may be implied

from a want of probable cause. *Margolis v. Telech,* 239 S. C. 232, 122 S. E. (2d) 417 (1961). Further, the respondent would have us presume damages and take judicial notice that legal fees and bond fees were increased due to the multiple charges. Under a technical application of the recited requirements, the respondent contends he presented evidence sufficient to submit the case to the jury.

Such a narrow application of these requirements fails to appreciate the reasons for them. It is in the interest of good order that criminals be brought to justice and often times this requires the cooperation of private citizens. Therefore, courts remain solicitous of the honest efforts of citizens to assist in enforcing the law. The requirements safeguard a citizen who prosecutes upon *reasonable grounds,* while preserving a cause of action for the *innocent* victim who has been haled into court on baseless charges. *Prosser v. Parsons,* 245 S. C. 493, 141 S. E. (2d) 342 (1965); *Elletson v. Dixie Home Stores,* 231 S. C. 565, 99 S. E. (2d) 384 (1957).

In the instant case the plaintiff is not an innocent victim suffering from a rash charge. He was convicted of simple assault. While it and disorderly conduct are separate charges, they are sufficiently similar to a layman that an action for malicious prosecution should not be available, where, as here, both charges arise out of the same set of circumstances. In an analogous situation, the Louisiana court has said if the defendant had probable cause to believe the plaintiff guilty of a crime, it would not make any difference whether he was charged with larceny or embezzlement, although only the elements of one crime are present. *Sargent v. Polar Bar Ice Cream Company, Inc.,* 196 So. 541 (La. App. 1940) (dicta). See also *Nettleton v. Cook,* 30 Idaho 82, 163 P. 300 (1917) where the court said if the plaintiff was guilty of a criminal offense, he may not maintain an action for malicious prosecution because he was charged with the wrong offense. Also, see cases collected in 36 A. L. R. (2d) 811 dealing with technical errors in charges.

The fact respondent was discharged by the magistrate on the charge of disorderly conduct is not conclusive on the question of probable cause; that is, if it appears affirmatively from the facts the respondent was guilty of a misdemeanor, although one which contains different elements, there still would not be an absence of probable cause.

Further, the fact the respondent was not convicted of disorderly conduct, while being convicted at the same trial of simple assault, would furnish no evidence of malice.

Probable cause has been defined as "the existence of such facts or circumstances as would excite the belief of a reasonable mind, acting on facts within the knowledge of the prosecutor, that the person charged was guilty of the crime for which he was prosecuted."

We think the record clearly shows the manager to have been in possession of knowledge of the existence of such facts and circumstances as would excite the belief in a reasonable mind that the respondent had committed a crime. It affirmatively appearing that the respondent was guilty of the criminal offense of simple assault, he cannot successfully maintain this action for malicious prosecution.

The action of the trial court in denying appellant's motion for a directed verdict is reversed, and the cause remanded for entry of judgment in favor of defendant.

LEWIS, C. J., and LITTLEJOHN and GREGORY, JJ., concur.

RHODES, J., not participating.