0191

Roy B. MACK, Respondent, v. Robert E. RILEY, Appellant.

(316 S. E. (2d) 731)

Court of Appeals

*Marvin P. Jackson,* Florence, *for appellant.*

*Cheryl S. Turner,* Florence, *for respondent.*

June 4, 1984.

SHAW, Judge:

This is an action for malicious prosecution by respondent Roy B. Mack and for conversion by appellant Robert E. Riley. The jury awarded $2,000 in actual damages to respondent Mack and found against appellant Riley. We reverse in part and affirm in part.

This lawsuit grew out of an oral contract the terms of which are disputed. According to Mack, Riley hired him and his partner to cut and remove trees from Riley's yard. Mack claims he and Riley agreed that Mack and his partner would cut down sixty-five trees for twenty dollars per tree and that Mack would receive $1,300 directly from a lumber mill with the balance going to Riley. Riley claims he was to get the money from the lumber mill and then pay Mack, and, that Mack promised him a minimum payment of $1,000.

Mack received $1,387 from the lumber mill and mailed to Riley two checks totalling around $87. Riley later received $604 from the mill.

Riley swore out arrest warrants against Mack and his partner for breach of trust. Both were arrested and spent about three hours in jail before posting bond. A report of their arrests appeared in the local morning newspaper. The assistant solicitor decided to dismiss the charges as being a civil, rather than a criminal, matter. The charges were formally dropped. Both the clerk of court of Florence County and Riley were so informed by letter. Neither Mack nor the magistrate were notified. The assistant solicitor received notice of Mack's preliminary hearing and took no action. Riley failed to appear for the preliminary hearing, and the magistrate dismissed the charges. Mack then instituted this lawsuit for malicious prosecution with Riley counterclaiming for conversion.

In an action at law, on appeal of a case tried by a jury, the jurisdiction of this court extends merely to the correction of errors of law, and a factual finding of the jury will not be disturbed unless a review of the record discloses that there is no evidence which reasonably supports the jury's findings. *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976).

To sustain an action for malicious prosecution, there are six elements that must be met. *Ruff v. Eckerds Drugs, Inc.,* 265 S. C. 563, 220 S. E. (2d) 649 (1975); *Parrott v. Plowden Motor Co.,* 246 S. C. 318, 143 S. E. (2d) 607 (1965). The element being contested by Riley is a termination of the criminal proceeding in plaintiff's favor.

An early rule of law laid down in South Carolina is that the entry of a *nolle prosequi* by a solicitor is not such a termination as will support an action for malicious prosecution. *Heyward v. Cuthbert,* 4 McCord 354 (S. C. 1827). However, the discharge of the accused by a magistrate on a preliminary investigation is a sufficient termination as will sustain such an action. *Harrelson v. Johnson,* 119 S. C. 59, 111 S. E. 882 (1922); *Jennings v. Clearwater Mfg. Co.,* 171 S. C. 498, 172 S. E. 870 (1934); *Ruff v. Eckerds Drugs, supra.* The exact situation presented by this case has never been considered in this state.

Mack argues that the solicitor has no power to dismiss a criminal action where a demand for a preliminary hearing has been made. He further argues that since the solicitor was not possessed with this power, the dismissal by the magistrate terminated the matter.

A "nolle prosequi" is a formal entry on the record by the prosecuting officer by which he declares he will not prosecute the case further. *State v. Gaskins*, 263 S. C. 343, 210 S. E. (2d) 590 (1974). In South Carolina, the solicitor has the discretion of entering a *nolle prosequi at any time* before the jury is impaneled and sworn (emphasis added). *State v. Charles*, 183 S. C. 188, 190 S. E. 466 (1937); *State v. Ridge*, 269 S. C. 61, 236 S. E. (2d) 401 (1977). The only exception to this rule is when the judge finds the solicitor has acted corruptly. *State v. Charles, supra; State v. Ridge, supra.*

Accordingly, the decision by the solicitor not to prosecute this case was the actual termination thereof.

Such a termination will not support an action for malicious prosecution. *Heyward v. Cuthbert*, supra. Because he failed to meet one of the six elements necessary to support a cause of action for malicious prosecution, Mack's claim must be dismissed. Having reached this decision, it is not necessary for us to consider Riley's remaining exception based on the malicious prosecution action.

With regard to the action for conversion, Riley claims the trial judge erred in not charging the jury as to the measure of damages for conversion. The trial judge is required to declare the law to the jury. S. C. Const., Art. 5, Section 17; *Eaddy v. Jackson Beauty Supply Co.*, 244 S. C. 256, 136 S. E. (2d) 297 (1964). It is error to leave the jury without instructions as to the proper measure of damages to be used in arriving at its verdict. *Cunningham v. Lowery*, 45 Ala. App. 700, 236 So. (2d) 709 (1970).

In his counterclaim, Riley alleged that Mack had converted $1,000 in cash. As a general rule, the measure of damages for the conversion of personal property is the value of the property with interest thereon, and the jury may give the highest value up to the time of trial. *Industrial Welding Supplies, Inc. v. Atlas Vending Co.*, 276 S. C. 196, 277 S. E. (2d) 885 (1981). Where money has been converted, the measure of damages is its amount with legal interest from the date of conversion. *McShane v. Howard Bank*, 73 Md. 135, 20 A. 775 (1890); *Social Security Administration v. Employers Mutual Liability Ins. Co.*, 234 Md. 493, 199 A. (2d) 918 (1964).

Even though the trial judge is required to charge the jury as to the measure of damages, the failure to do so in this particular situation was harmless error. Since

the jury ruled against Riley on his counterclaim for conversion, they never considered the issue of damages. The verdict would have been the same even if the error had not been committed. *Pinckney v. Orkin Exterminating Co.*, 268 S. C. 430, 234 S. E. (2d) 654 (1977); *JKT Co. v. Hardwick*, 274 S. C. 413, 265 S. E. (2d) 510 (1980).

Reversed in part, affirmed in part.

BELL and GOOLSBY, JJ., concur.