## 1355

Tina M. INMAN, Respondent v. Michael D. LARES, Appellant.

(381 S. E. (2d) 507)

Court of Appeals

*Max G. Mahafee,* Charleston, *for appellant.*

*Richard C. Bell,* Mount Pleasant, *for respondent.*

Submitted March 22, 1989.

Decided June 12, 1989.

*Per Curiam:*

Michael D. Lares appeals the circuit court's order granting summary judgment to Tina M. Inman as to liability on Inman's cause of action alleging negligent and reckless operation of an automobile. We reverse and remand.

Inman sued Lares for damages she sustained when their automobiles collided on a private roadway in an apartment complex. Inman's complaint alleged Lares car slid into the driver's side of her car when Lares struck a puddle of water while attempting to negotiate a curve. Inman alleged particularly that Lares negligently and recklessly failed to maintain a proper lookout, to keep his vehicle under proper control, to apply his brakes, and to exercise reasonable care and caution under the circumstances.

Lares's answer denied the allegations in Inman's complaint and alleged as an affirmative defense, Inman's contributory negligence and recklessness in traveling too fast for conditions and in failing to keep a proper lookout, to take precau-

tions to avoid the collision, to use her brakes and equipment properly, and to use reasonable care under the circumstances.

Lares testified he was negotiating a curve and Inman was coming straight when his car hit a puddle, fish-tailed and slid into Inman's car. He claimed Inman's car was creeping foward at the time of impact because it kept sliding when Inman applied her brakes, although "not a lot." Lares admitted Inman tried to turn her car to the right to avoid the accident.

The circuit court granted Inman's summary judgment motion based on its findings that both parties admitted in their depositions that Inman's car was stopped at the time of the collision; Lares admitted he lost control of his car when he hit a puddle, causing him to slide into Inman's car; and Lares admitted Inman tried to avoid the collision by turning her car to the right. The circuit court stated in its written order that it based its findings on the parties' oral arguments, the pleadings, discovery and memoranda filed in the matter.

On motion for summary judgment, the evidence and inferences to be drawn from the underlying facts contained in the record must be viewed in the light most favorable to the nonmoving party. *Dyer v. Moss*, 284 S. C. 208, 325 S. E. (2d) 69 (Ct. App. 1985). Summary judgment should only be granted where it is clear that no genuine issue of material fact exists, that inquiry into the facts is not desirable to clarify application of the law, and that the movant is entitled to judgment as a matter of law. *Gilmore v. Ivey*, 290 S. C. 53, 348 S. E. (2d) 180 (Ct. App. 1986).

Here, our review of the appellate record reveals no admission by Lares, as found by the circuit court, that Inman's car was stopped at the time of the collision. Rather, the record before us shows the opposite, i.e., that Lares maintained Inman's car was still moving forward.

Moreover, the testimony conflicts as to the relative position of Inman's car and whether that position proximately caused or contributed to the accident. Lares testified that both he and Inman were "favoring the center" of the roadway; Inman maintained she was not on the wrong side of the road. Plaintiff's exhibit 1, showing both vehicles over the center of the roadway, also raises this question.

Further, Inman's deposition raises a reasonable inference that she was traveling too fast for conditions.

Obviously, then, genuine issues of material fact are still involved. We hold, therefore, the hearing judge erred in granting Inman's summary judgment motion.

Accordingly, the circuit court's order is

Reversed and remanded.