1394

Ronald McKENNEY, Appellant v. JACK ECKERD COMPANY, Respondent.

(386 S. E. (2d) 263)

Court of Appeals

*Stephen John Henry,* Greenville, *for appellant.*

*William M. Grant, Jr.,* and *H. Sam Mabry, III* of *Haynsworth, Marion, McKay & Guerard,* Greenville, *for respondent.*

Heard Sept. 11, 1989.

Decided Oct. 16, 1989.

SANDERS, Chief Judge:

Appellant Ronald McKenney sued respondent Jack Eckerd Company for malicious prosecution. (Another cause of ac-

tion, initially alleged, was dismissed without prejudice.) The Circuit Court granted summary judgment in favor of Eckerd on the ground that "a *nolle prosequi* or dismissal by the prosecuting authority does not constitute sufficient termination of a criminal prosecution to support an action for malicious prosecution." We affirm.

"On motion for summary judgment, the evidence and inferences to be drawn from the underlying facts contained in the record must be viewed in the light most favorable to the nonmoving party." *Inman v. Lares*, 298 S. C. 475, 476, 381 S. E. (2d) 507, 508 (Ct. App. 1989). Viewed in this light, the relevant facts may be summarized as follows.

Mr. McKenney issued a check to the Eckerd Company in the amount of $3.55. The check was returned by the bank marked "uncollected funds." The bank wrote a letter to the Eckerd Company, acknowledging that it had returned the check by mistake. The Eckerd Company admits it was notified that the bank had "improperly failed to honor the check." Nevertheless, the Eckerd Company thereafter caused a warrant to be issued, charging Mr. McKenney with the crime of having issued a fraudulent check. Mr. McKenney was arrested pursuant to the warrant. The charges against him were subsequently *"nolle prossed."* This action ensued.

We recently held: "[T]he entry of a *nolle prosequi* by a solicitor is not such a termination as will support an action for malicious prosecution." *Mack v. Riley*, 282 S. C. 100, 102, 316 S. E. (2d) 731, 732 (Ct. App. 1984). Our decision was consistent with previous decisions of the Supreme Court: *Harrelson v. Johnson*, 119 S. C. 59, 111 S. E. 882 (1922); *Heyward v. Cuthbert*, 4 McCord 354 (1827); and *Smith v. Shackleford*, 1 Nott & McCord 36 (1817). The majority rule appears to be that where, as here, criminal charges are dismissed for reasons which imply or are consistent with the innocence of the accused, there is a sufficient termination on which to base an action for malicious prosecution. 54 C. J. S. *Malicious Prosecution* § 56 (1987). We have no authority to overrule or modify previous decisions of the Supreme Court. *McCaskey v. Shaw*, 295 S. C. 372, 368 S. E. (2d) 672 (Ct. App. 1988). The Supreme Court, however, may want to grant certiorari in this case and adopt what appears to be the

majority rule (and what, in our opinion, is the better rule). In the meanwhile, the judgment of the Circuit Court is

Affirmed.

GARDNER and GOOLSBY, JJ., concur.