23316

Ronald McKENNEY, Petitioner v. JACK ECKERD
COMPANY, Respondent.

(402 S.E. (2d) 887)

Supreme Court

*Stephen John Henry* of *Taylor, Stephenson and Henry,* Greenville, *for petitioner.*

*William M. Grant, Jr.* and *H. Sam Mabry, III* of *Haynsworth, Marion, McKay and Guerard,* Greenville, *for respondent.*

Heard Oct. 4, 1990.

Decided Jan. 21, 1991.

CHANDLER, Justice:

We granted certiorari to review the Court of Appeals decision in *McKenney v. Jack Eckerd Co.,* 299 S.C. 523, 386 S.E. (2d) 263 (Ct. App. 1989).

We reverse and remand.

## FACTS

Petitioner, Ronald McKenney (McKenney), issued Respondent, Jack Eckerd Co. (Eckerd), a check for $3.55. Due to a bank error, the check was returned to Eckerd marked "insufficient funds." Shortly thereafter, the bank notified Eckerd of its error. Approximately one month later, Eckerd swore out a fraudulent check warrant against McKenney.

When the case was *nolle prossed*, McKenney instituted a malicious prosecution suit against Eckerd. The trial court granted Eckerd summary judgment, holding that a *nolle prosse* is not sufficient termination of a criminal prosecution to support an action for malicious prosecution. The Court of Appeals affirmed emphasizing, however, its decision was mandated by prior opinions of this Court.

## DISCUSSION

In an action for malicious prosecution, the plaintiff must establish that the criminal proceeding was terminated in his or her favor. See, e.g., *Ruff v. Eckerd Drugs*, 265 S.C. 563, 220 S.E. (2d) 649 (1975). The minority rule, followed by South Carolina, holds that entry of a *nolle prosse* is not such a termination. *Smith v. Shackleford*, 10 S.C.L. 1 (Nott & McCord 36) (1817); *Harrelson v. Johnson*, 119 S.C. 59, 111 S.E. 882 (1922); *Mack v. Riley*, 282 S.C. 100, 316 S.E. (2d) 731 (Ct. App. 1984).

The majority rule holds that entry of a *nolle prosse* is sufficient, provided it is entered under circumstances which imply or are consistent with innocence of the accused. *See*, 54 C.J.S. *Malicious Prosecution* § 56 (1987); 52 Am. Jur. (2d) *Malicious Prosecution* § 35 (1970).

We find the majority rule, which accords with Restatement (Second) of Torts § 660 (1976), to be sound. Accordingly, we hold that, where an accused establishes that charges were *nolle prossed* for reasons which imply or are consistent with innocence, an action for malicious prosecution may be maintained.

We expressly overrule all prior decisions of this Court and the Court and Appeals, to the extent they are inconsistent with this opinion.

The judgment below is reversed and the case remanded for further proceedings.

Reversed and remanded.

GREGORY, C.J., and HARWELL, FINNEY and TOAL, JJ., concur.