TRAXLER, Circuit Judge,
concurring in part and dissenting in part:
Maxine Nicholas, having been charged with a criminal offense, went to court on three separate occasions to defend herself. Her case was never called for trial, and the charge was ultimately dismissed because no witnesses ever appeared in court against her. In short, Wal-Mart never provided the state with a shred of evidence incriminating .Nicholas despite being called on to do so several times. That no witnesses ever appeared against Nicholas, and that Wal-Mart otherwise failed to produce any evidence of her guilt, strongly suggests there was no such evidence. Those facts unquestionably establish that the criminal charge was dismissed for reasons that imply or are consistent with in *69 nocence, and Nicholas’s malicious prosecution claim should therefore withstand a Rule 50(b) motion. To demand more of Nicholas is to go beyond what state law requires, see McKenney v. Jack Eckerd Co., 304 S.C. 21, 402 S.E.2d 887, 888 (S.C. 1991) (holding that a malicious prosecution plaintiff need only “establish[ ] that charges were nolle prossed for reasons which imply or are consistent with innocence”), and to impose a nearly insurmountable barrier to would-be plaintiffs. Accordingly, I dissent from Part B(l) of the majority opinion. In all other respects, I concur.