**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Kay F. Paschal, Respondent/Appellant,

v.

Leon Lott, the Duly Elected Sheriff of Richland County, South Carolina, Appellant/Respondent.

Appellate Case No. 2015-001153

———————

Appeal From Lexington County
William P. Keesley, Circuit Court Judge

———————

Opinion No. 2018-UP-080

Heard November 7, 2017 – Filed February 7, 2018

———————

**AFFIRMED**

———————

Andrew F. Lindemann, of Lindemann, Davis & Hughes, PA, of Columbia, and Patrick John Frawley, of Davis Frawley, LLC, of Lexington, for Appellant/Respondent.

S. Jahue Moore, Stanley Lamont Myers, and John Calvin Bradley, Jr., of Moore Taylor Law Firm, P.A., of West Columbia, for Respondent/Appellant.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to Sheriff Lott's argument he was entitled to a directed verdict or JNOV on Paschal's malicious prosecution cause of action based on Paschal's failure to show a lack of probable cause: *Sabb v. S.C. State Univ.*, 350 S.C. 416, 427, 567 S.E.2d 231, 236 (2002) ("In ruling on directed verdict or JNOV motions, the trial court is required to view the evidence and the inferences that reasonably can be drawn therefrom in the light most favorable to the party opposing the motions."); *id.* ("The trial court must deny the motions when the evidence yields more than one inference or its inference is in doubt."); *Hinkle v. Nat'l Cas. Ins. Co.*, 354 S.C. 92, 96, 579 S.E.2d 616, 618 (2003) ("[An appellate court] will reverse the trial court's rulings on these motions only [when] there is no evidence to support the rulings or [when] the rulings are controlled by an error of law."); *McBride v. Sch. Dist. of Greenville Cty.*, 389 S.C. 546, 565, 698 S.E.2d 845, 855 (Ct. App. 2010) (listing the elements of a malicious prosecution cause of action); *Law v. S.C. Dep't of Corr.*, 368 S.C. 424, 436, 629 S.E.2d 642, 649 (2006) ("Probable cause means 'the extent of such facts and circumstances as would excite the belief in a reasonable mind acting on the facts within the knowledge of the prosecutor that the person charged was guilty of a crime for which he has been charged, and only those facts and circumstances which were or should have been known to the prosecutor at the time he instituted the prosecution should be considered.'" (quoting *Parrott v. Plowden Motor Co.*, 246 S.C. 318, 322, 143 S.E.2d 607, 609 (1965))); *id.* ("Although the question of whether probable cause exists is ordinarily a jury question, it may be decided as a matter of law when the evidence yields but one conclusion.").

2.      As to Sheriff Lott's argument he was entitled to a directed verdict or JNOV on Paschal's malicious prosecution cause of action based on Paschal's failure to show termination of the proceedings in her favor: *Sabb*, 350 S.C. at 427, 567 S.E.2d at 236 ("In ruling on directed verdict or JNOV motions, the trial court is required to view the evidence and the inferences that reasonably can be drawn therefrom in the light most favorable to the party opposing the motions."); *id.* ("The trial court must deny the motions when the evidence yields more than one inference or its inference is in doubt."); *Hinkle*, 354 S.C. at 96, 579 S.E.2d at 618 ("[An appellate court] will reverse the trial court's rulings on these motions only [when] there is no evidence to support the rulings or [when] the rulings are controlled by an error of law."); *McBride*, 389 S.C. at 565, 698 S.E.2d at 855 (listing the elements of a malicious prosecution cause of action); Rule 2(a), SCRCrimP ("Any defendant charged with a crime not triable by a magistrate shall be brought before a magistrate and shall be given notice of his right to a preliminary hearing solely to determine whether

sufficient evidence exists to warrant the defendant's detention and trial."); Rule 2(c), SCRCrimP ("If probable cause be found by the magistrate, the defendant shall be bound over to the Court of General Sessions. If there be a lack of probable cause, the defendant shall be discharged; but his discharge shall not prevent the State from instituting another prosecution for the same offense."); *Harrelson v. Johnson*, 119 S.C. 59, 63, 111 S.E. 882, 883 (1922) (highlighting the distinction between a magistrate's order dismissing charges, which terminates the prosecution, and a solicitor's entry of a nolle prosequi, which can be recalled), *overruled on other grounds by McKenney v. Jack Eckerd Co.*, 304 S.C. 21, 22, 402 S.E.2d 887, 888 (1991); *State v. Gaskins*, 263 S.C. 343, 347, 210 S.E.2d 590, 592 (1974) ("A [n]olle prosequi is a formal entry on the record by the prosecuting officer by which he declares he will not prosecute the case further."); *State v. Ridge*, 269 S.C. 61, 64, 236 S.E.2d 401, 402 (1977) ("[T]he entering of a nolle prosequi at any time before the jury is impaneled and sworn is within the discretion of the solicitor; the trial judge may not direct or prevent a [nolle prosequi] at that time."); *Ruff v. Eckerds Drugs, Inc.*, 265 S.C. 563, 566, 220 S.E.2d 649, 651 (1975) (holding a magistrate's dismissal of a disorderly conduct charge was a termination of the proceedings in favor of the plaintiff in a malicious prosecution action); *Mack v. Riley*, 282 S.C. 100, 102, 316 S.E.2d 731, 732 (Ct. App. 1984) ("[T]he discharge of the accused by a magistrate on a preliminary investigation is a sufficient termination as will sustain [a malicious prosecution action]."), *overruled on other grounds by McKenney*, 304 S.C. at 22, 402 S.E.2d at 888; *Jennings v. Clearwater Mfg. Co.*, 171 S.C. 498, 505–06, 172 S.E. 870, 873 (1934) ("[T]he remedy accorded a citizen of damages for a malicious prosecution is intended to prevent and redress the malicious abuse of the process of the law, and . . . when the particular proceeding instituted in malice ha[s] been legally terminated, the remedy of the injured party has matured; he is not required to await an acquittal, an adjudication of his innocence, which may never come[] and may be purposely prevented." (quoting *Harrelson*, 119 S. C. at 61, 111 S. E. at 882, *overruled on other grounds by McKenney*, 304 S.C. at 22, 402 S.E.2d at 888)).

3.     As to Sheriff Lott's argument he was entitled to a directed verdict or JNOV on Paschal's abuse of process cause of action: *Sabb*, 350 S.C. at 427, 567 S.E.2d at 236 ("In ruling on directed verdict or JNOV motions, the trial court is required to view the evidence and the inferences that reasonably can be drawn therefrom in the light most favorable to the party opposing the motions."); *id.* ("The trial court must deny the motions when the evidence yields more than one inference or its inference is in doubt."); *Hinkle*, 354 S.C. at 96, 579 S.E.2d at 618 ("[An appellate court] will reverse the trial court's rulings on these motions only [when] there is no evidence to support the rulings or [when] the rulings are controlled by an error of law."); *Pallares v.*

*Seinar*, 407 S.C. 359, 370, 756 S.E.2d 128, 133 (2014) ("The tort of abuse of process is intended to compensate a party for harm resulting from another party's misuse of the legal system."); *Swicegood v. Lott*, 379 S.C. 346, 351–52, 665 S.E.2d 211, 213 (Ct. App. 2008) (holding an abuse of process cause of action "consists of two elements: an ulterior purpose, and a willful act in the use of the process that is not proper in the regular conduct of the proceeding"); *Pallares*, 407 S.C. at 370–71, 756 S.E.2d at 133 (holding the ulterior or improper purpose element "exists if the process is used to secure an objective that is 'not legitimate in the use of the process.'" (quoting *D.R. Horton, Inc. v. Wescott Land Co.*, 398 S.C. 528, 551, 730 S.E.2d 340, 352 (Ct. App. 2012))); *Swicegood*, 379 S.C. at 353, 665 S.E.2d at 214 ("[T]he isolated statement in *Guider v. Churpeyes, Inc.* that '[r]egardless, there is no liability when the process has been carried out to its authorized conclusion, even though with bad intentions[]' . . . should not be interpreted to mean that no liability may ever arise [when] the process is carried to its authorized conclusion." (first alteration and emphasis by court) (quoting *Guider*, 370 S.C. 424, 432, 635 S.E.2d 562, 566 (Ct. App. 2006))); *id.* ("[T]he essence of the tort of abuse of process centers on events occurring outside of the process . . . ."); *id.* at 353–54, 665 S.E.2d at 215 ("The 'willful act' element of the abuse of process tort has been interpreted by this court to consist of three different components: 1) an act that is either willful or overt; 2) in the use of the process; 3) that is ultimately reprehensible because it is either (a) unauthorized or (b) aimed at an illegitimate collateral objective.").

4.     As to Sheriff Lott's argument the trial court erred by submitting to the jury the question of whether Sheriff Lott's employee complied with the procedure in section 22-5-110 of the South Carolina Code (Supp. 2017) when she obtained warrants for Paschal's arrest:  § 22-5-110(B)(1) ("An arrest warrant may not be issued for the arrest of a person unless sought by a law enforcement officer acting in their official capacity."); *State v. Sweat*, 386 S.C. 339, 350, 688 S.E.2d 569, 575 (2010) ("A statute as a whole must receive a practical, reasonable, and fair interpretation consonant with the purpose, design, and policy of the lawmakers." (quoting *Browning v. Hartvigsen*, 307 S.C. 122, 125, 414 S.E.2d 115, 117 (1992))); *Kennedy v. Griffin*, 358 S.C. 122, 130, 595 S.E.2d 248, 252 (Ct. App. 2004) ("[When] there is evidence from which the jury can reasonably infer one is in violation of a statute, that evidence will support a charge of that statute." (quoting *Jefferson v. Synergy Gas, Inc.*, 303 S.C. 479, 481, 401 S.E.2d 427, 428 (Ct. App. 1991))); *id.* ("A trial judge's decisions on jury instructions will not be reversed on appeal absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." (quoting *Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000))); *Swicegood*, 379 S.C. at 353–54, 665 S.E.2d at 215 ("The 'willful act'

element of the abuse of process tort has been interpreted by this court to consist of three different components: 1) an act that is either willful or overt; 2) in the use of the process; 3) that is ultimately reprehensible because it is either (a) unauthorized or (b) aimed at an illegitimate collateral objective."); *Wade v. Berkeley Cty.*, 330 S.C. 311, 319, 498 S.E.2d 684, 688 (Ct. App. 1998) (indicating the South Carolina Tort Claims Act, particularly section 15-78-30(i) of the South Carolina Code (2005), provides its own definition of whether a government employee is acting within the scope of her official duty).

5.      As to Paschal's argument the damages cap imposed by the Tort Claims Act does not apply to intentional torts:  S.C. Code Ann. § 15-78-120(a) (2005) (imposing limits on liability "[f]or any action or claim for damages brought under the provisions of this chapter"); S.C. Code Ann. § 15-78-140(B) (Supp. 2017) ("For any claim filed under this chapter, the remedy provided in [s]ection 15-78-120 is exclusive."); S.C. Code Ann. § 15-78-30(b) (2005) ("'Claim' means any written demand against the State of South Carolina or a political subdivision for money only, on account of loss, caused by the tort of any employee of the State or a political subdivision while acting within the scope of his official duty."); S.C. Code Ann. § 15-78-20(b) (2005) ("The General Assembly in this chapter intends to grant the State, its political subdivisions, and employees, while acting within the scope of official duty, immunity from liability and suit for any tort except as waived by this chapter."); *id.* ("The General Assembly additionally intends to provide for liability on the part of the State, its political subdivisions, and employees, while acting within the scope of official duty, only to the extent provided herein."); *id.* ("The remedy provided by this chapter is the exclusive civil remedy available for any tort committed by a governmental entity, its employees, or its agents except as provided in [section] 15-78-70(b)."); *Burns v. State Farm Mut. Auto. Ins. Co.*, 297 S.C. 520, 522, 377 S.E.2d 569, 570 (1989) ("The cardinal rule of statutory construction is that we are to ascertain and effectuate the actual intent of the legislature."); *id.* at 522, 377 S.E.2d at 570 ("In ascertaining this intent, statutes [that] are part of the same Act must be read together.").

6.      As to Paschal's argument that even if the damages cap applies to her case, her award should have been reduced to $600,000 rather than $300,000:  § 15-78-120(a)(1) (limiting a person to $300,000 in the damages she may recover from the State for a single "occurrence," rather than cause of action); § 15-78-120(a)(2) (addressing the limit on the total amount the State must pay out for a single occurrence, rather than cause of action); *Peake v. S.C. Dep't of Motor Vehicles*, 375 S.C. 589, 598, 654 S.E.2d 284, 289 (Ct. App. 2007) ("When a statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of

statutory interpretation are not needed, and this court has no right to impose another meaning.").

**AFFIRMED.**

**SHORT, KONDUROS, and GEATHERS, JJ., concur**.