**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Kay F. Paschal, Respondent,

v.

Leon Lott, the Duly Elected Sheriff of Richland County, South Carolina, Petitioner.

Appellate Case No. 2018-000978

———————

**ON WRIT OF CERTIORARI TO THE COURT OF APPEALS**

———————

Appeal from Lexington County
William P. Keesley, Circuit Court Judge

———————

Memorandum Opinion No. 2019-MO-045
Heard November 21, 2019 – Filed December 18, 2019

———————

**AFFIRMED**

———————

Andrew F. Lindemann, Lindemann, Davis & Hughes, PA, of Columbia; and Patrick John Frawley, Davis Frawley, LLC, of Lexington, for Petitioner.

S. Jahue Moore, John Calvin Bradley Jr., and Stanley Lamont Myers Sr., Moore Taylor Law Firm, PA, of West Columbia, for Respondent.

─────────────

**PER CURIAM:**  Kay Paschal filed this lawsuit against Richland County Sheriff Leon Lott alleging false arrest, malicious prosecution, abuse of process, negligence, and civil conspiracy.  Only the malicious prosecution and abuse of process claims were submitted to the jury.  The jury returned a verdict in favor of Paschal and awarded her $1.6 million in actual damages, which the trial court later reduced to $300,000, consistent with the monetary cap set by the South Carolina Tort Claims Act.  S.C. Code Ann. §§ 15-78-10 to -222 (2005 & Supp. 2019).

Sheriff Lott appealed the trial court's denial of his directed verdict and judgment notwithstanding the verdict (JNOV) motions.  In an unpublished opinion issued pursuant to Rule 220(b), SCACR, the court of appeals affirmed.  *Paschal v. Lott*, Op. No. 2018-UP-080 (S.C. Ct. App. filed Feb. 7, 2018).  We granted Sheriff Lott's petition for a writ of certiorari to review the court of appeals' decision.  We affirm.

In asking us to reverse the court of appeals, Sheriff Lott raises four issues.  The first issue concerns the trial court's treatment of section 22-5-110 of the South Carolina Code (Supp. 2019).  Sheriff Lott argues the trial court improperly allowed the jury to interpret the section as it applies to a law enforcement officer's authority to seek a warrant outside of his or her jurisdiction.  We agree.  We find the trial court's failure to explain the meaning of section 22-5-110 to the jury permitted the jury to improperly interpret the statute and draw its own conclusions as to how the statute applied to Lieutenant Heidi Scott's actions in seeking the arrest warrants against Paschal in Lexington County.  While the trial court's failure to instruct the jury on the meaning of the statute amounted to an error of law, *see Sparks v. Palmetto Hardwood, Inc.*, 406 S.C. 124, 128, 750 S.E.2d 61, 63 (2013) ("The interpretation of a statute is a question of law."), we do not reverse on this basis because we find the trial court's erroneous charge had little impact on the jury's verdict.

In the second issue raised by Sheriff Lott, he argues probable cause existed as a matter of law to arrest Paschal for criminal activity related to the purchase of the handicapped van, and therefore, the trial court erred in submitting the malicious

prosecution claim to the jury.[1]  *See Pallares v. Seinar*, 407 S.C. 359, 367, 756 S.E.2d 128, 132 (2014) ("Whether probable cause exists is ordinarily a jury question, but it may be decided as a matter of law when the evidence yields only one conclusion."). We disagree probable cause existed as a matter of law in this case.  "Probable cause in this context . . . turn[s] . . . upon whether the facts within the prosecutor's knowledge would lead a reasonable person to believe the plaintiff was guilty of the crimes charged."  407 S.C. at 367, 756 S.E.2d at 131 (citation omitted).  Reviewing the evidence in the light most favorable to Paschal, we find the jury heard ample evidence from which it could have concluded that facts within Scott's knowledge would not have led a reasonable person to believe Paschal was guilty of any criminal activity related to the purchase of the handicapped van.  Paschal presented evidence demonstrating Scott's criminal investigation into the van purchase was incomplete: Scott's telephone conversation with Tim Peterson regarding Paschal's involvement in the transaction was limited to yes or no questions; Scott did not review the documents involved in the transaction before seeking the arrest warrants against Paschal; and Scott knew a Lexington County officer investigated the circumstances of the transaction and found no probable cause to arrest Paschal for her involvement in the purchase of the van.

Third, Sheriff Lott contends Paschal failed to prove the criminal charges terminated in her favor, another element required to maintain her claim for malicious prosecution.  Sheriff Lott argues Paschal failed to satisfy this element because she failed to prove the magistrates court's dismissal of Paschal's charges at the preliminary hearing "implied or were consistent with her innocence," which Sheriff Lott argues Paschal was required to prove pursuant to this Court's holding in *McKenney v. Jack Eckerd Co.*, 304 S.C. 21, 402 S.E.2d 887 (1991).  However, in *McKenney*, the narrow issue before this Court was whether a prosecutor's dismissal of a criminal charge—as opposed to a judicial dismissal—was sufficient to prove a criminal proceeding terminated in the plaintiff's favor in order for the plaintiff to maintain an action for malicious prosecution.  304 S.C. at 22, 402 S.E.2d at 887.  We held a prosecutor's dismissal of a charge is sufficient if the accused can demonstrate the charge was dismissed "for reasons which imply or are consistent with

---

[1] The elements for a malicious prosecution claim are: "(1) the institution or continuation of original judicial proceedings; (2) by or at the instance of the defendant; (3) termination of such proceedings in plaintiff's favor; (4) malice in instituting such proceedings; (5) lack of probable cause; and (6) resulting injury or damage."  *Law v. S.C. Dep't of Corr.*, 368 S.C. 424, 435, 629 S.E.2d 642, 648 (2006) (citations omitted).

innocence." 304 S.C. at 22, 402 S.E.2d at 888. Contrary to the position taken by Sheriff Lott, this Court has never extended our holding in *McKenney* to apply "to *any* preliminary dismissal of a criminal charge," Pet'r Br. 32 (emphasis added), including preliminary dismissals by magistrates courts. Therefore, Paschal's evidence of the dismissal of the charges by the magistrates court was sufficient under South Carolina law to prove the criminal proceedings terminated in her favor. *See Ruff v. Eckerds Drugs, Inc.*, 265 S.C. 563, 566, 220 S.E.2d 649, 651 (1975) (holding a magistrate's dismissal of a disorderly conduct charge was a termination of the proceedings in favor of the plaintiff in a malicious prosecution action); *Mack v. Riley*, 282 S.C. 100, 102, 316 S.E.2d 731, 732 (Ct. App. 1984) ("[T]he discharge of the accused by a magistrate on a preliminary investigation is a sufficient termination as will sustain [a malicious prosecution] action." (citing *Harrelson v. Johnson*, 119 S.C. 59, 60, 111 S.E. 882, 882-83 (1922), *overruled on other grounds by McKenney*, 304 S.C. 21, 402 S.E.2d 887; *Ruff*, 265 S.C. at 566, 220 S.E.2d at 651; *Jennings v. Clearwater Mfg. Co.*, 171 S.C. 498, 507-08, 172 S.E. 870, 873-74 (1934))), *overruled on other grounds by McKenney*, 304 S.C. 21, 402 S.E.2d 887.

Fourth, with respect to Paschal's abuse of process claim, Sheriff Lott argues there is no evidence in the record to support a finding that he or his deputies had an ulterior purpose or committed an improper willful act in seeking Paschal's arrest. *See Pallares*, 407 S.C. at 370, 756 S.E.2d at 133 ("The essential elements of abuse of process are (1) an ulterior purpose, and (2) a willful act in the use of the process that is not proper in the regular conduct of the proceeding."). We find Paschal's testimony that interactions between Scott and the Wallace children were unprofessional, and the other circumstantial evidence surrounding the timing of Scott's searches and Paschal's arrest were sufficient for the trial court to submit the abuse of process claim to the jury.

**AFFIRMED**.


**KITTREDGE, Acting Chief Justice, HEARN, FEW, JAMES, JJ., and Acting Justice Stephanie Pendarvis McDonald, concur.**