21672

Archie EAVES, Respondent, v. BROAD RIVER ELECTRIC COOPERATIVE, INC., Appellant.

(289 S. E. (2d) 414)

*Rembert D. Parler,* of *Parler & Foster,* Spartanburg, *for appellant.*

*Nora B. Lewis,* Union, *for respondent.*

*John W. Thomas,* of *Dial, Jennings, Windham & Thomas,* Columbia, *amicus curiae for S. C. Elec. Co-op. Ass'n, Inc.*

March 11, 1982.

GREGORY, Justice:

This appeal is taken from the denial of appellant Broad River Electric Cooperative's motion for directed verdict and for judgment notwithstanding the verdict in respondent's action for malicious prosecution. We reverse and remand for entry of judgment in favor of appellant.

On September 15, 1978, during a routine inspection of respondent's electric meter, appellant's employee discovered that the seal was broken. While the employee was attempting to unscrew a band in order to remove the meter, the recording portion began registering. Closer examination revealed that a screw was missing. The missing screw caused a metal bar to slide into a position which allowed electric current to run into respondent's home, without recording any use of that current. The employee then inspected three meters belonging to respondent's brother, his next-door neighbor. Two of those meters were found in an altered condition. Appellant's employee reported the condition of respondent's meter to his supervisor that same day.

Appellant's assistant manager then contacted the sheriff and procured a warrant for respondent's arrest for tampering with the meter, in violation of § 16-13-385 of the 1976 South Carolina Code (Cum.Supp. 1980). The warrant was served on respondent the same day. After a jury trial in magistrate's court, respondent was acquitted.

On April 5, 1979, respondent initiated a malicious prosecution action. A jury trial resulted in a verdict for respondent for $1,000.00 actual damages.

In order to maintain an action for malicious prosecution, a plaintiff must establish: (1) the institution or continuation of original judicial proceedings; (2) by or at the instance of the defendant; (3) termination of such proceedings in plaintiff's favor; (4) malice in instituting such proceedings; (5) lack of probable cause; and (6) resulting injury or damage. *Parrott v. Plowden Motor Company,* 246 S. C. 318, 143 S. E. (2d) 607 (1965).

Appellant argues respondent failed to prove two essential elements of the cause of action: (1) lack of probable cause; (2) malice. We agree.

First, respondent failed to establish appellant's lack of probable cause to initiate judicial proceedings. Probable cause does not turn on plaintiff's guilt or innocence but upon whether the facts within the prosecutor's knowledge would lead a reasonable person to believe the plaintiff was guilty of the crime charged. *Kinton v. Mobile Home Industries, Inc.,* 274 S. C. 179, 262 S. E. (2d) 727, 728 (1980).

Section 16-13-385 makes it unlawful for anyone to either tamper with or bypass a meter. It further provides:

Any meter found in a condition which would cause electricity or gas or water to be diverted from the recording apparatus of the meter or to cause such meter to inaccurately measure the use of electricity or gas or water or the attachment to a meter or distribution wire of any device, mechanism or wire which would permit the use of unmetered electricity or gas or water or would cause a meter to inaccurately measure the use thereof shall be *prima facie* evidence that either the person in whose name such meter was installed or the person for whose benefit electricity or gas or water was diverted caused the electricity or gas or water to be diverted from going through the meter to inaccurately measure the use of the electricity or gas or water.

This section creates a rebuttable inference or presumption of fact that either the person in whose name the meter was installed or for whose benefit electricity was diverted tampered with the meter. The inference or presumption is one of fact and not of law. It is evidentiary and not conclusive.

In determining the existence of probable cause, the facts must be "regarded from the point of view of the party prosecuting; the question is not what the actual facts were, but what he honestly believed them to be."

54 C. J. S. *Malicious Prosecution* § 20, p. 977. In the instant case, appellant knew when the warrant was procured that: (1) meter tampering is a crime; (2) he found respondent's

meter with the seal broken and in a condition which prevented operation of the recording apparatus; (3) it was highly unlikely the condition occurred without human intervention; (4) respondent was the beneficiary of the meter not recording electricity use; and (5) two meters belonging to respondent's brother, next door to respondent, were found in the same condition.

The fact that respondent was acquitted of the meter-tampering charge does not in and of itself negate probable cause to institute the criminal proceedings. In the absence of any other evidence in rebuttal, the statutory presumption coupled with appellant's knowledge established probable cause to procure a warrant.

Appellant further argues that respondent failed to establish any malice toward him from the power cooperative. We agree.

Malice is defined as "the deliberate intentional doing of a wrongful act without just cause or excuse." *Margolis v. Telech*, 239 S. C. 232, 122 S. E. (2d) 417 (1961). It is an essential element of malicious prosecution. *Truett v. Georgeson*, 273 S. C. 661, 258 S. E. (2d) 499 (1979).

The record in this case is devoid of any evidence of malice on the part of appellant.

We hold the trial judge committed reversible error in denying appellant's motions for directed verdict and for judgment notwithstanding the verdict. We therefore reverse and remand for entry of judgement in favor of appellant.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.