2259

Kent GAUSE, Appellant v. Jane DOE, an individual whose true identity is unknown to Plaintiff, and Myrtle Beach Police Department, Respondents.

(451 S.E. (2d) 408)

Court of Appeals

---

[2] The per-mile reimbursement (assuming twenty workdays per month and 110 miles per day) is less than five cents per mile.

*Ronald W. Hazzard,* Myrtle Beach, *for appellant.*

*Vance J. Bettis,* Columbia, *for respondent Myrtle Beach Police Dept.*

Heard Nov. 1, 1994.

Decided Nov. 28, 1994.

GOOLSBY, Judge:

The plaintiff, Kent Gause, appeals the trial court's grant of a motion to dismiss in favor of the defendant, Myrtle Beach Po-

lice Department (MBPD). Gause, an officer with the MBPD, alleged causes of action against the MBPD for slander, unlawful termination of employment, negligence, and outrage, and against "Jane Doe" for slander and outrage. The issues on appeal concern whether the South Carolina Tort Claims Act (SCTCA) bars Gause's causes of action for slander and negligence against the MBPD. We affirm.

On February 6, 1993, an unidentified female, Jane Doe, reported to the MBPD that a black male MBPD officer sexually assaulted her in his patrol car after she accepted his offer of a ride. Doe was intoxicated at the time. Doe viewed a photograph lineup that included Gause's picture the next day, but she did not identify Gause as her assailant. Gause alleges an MBPD agent contacted Doe two days later and suggested she go to a hospital where Gause was visiting a patient to see if she could identify Gause as the officer who assaulted her. Doe did so. She identified Gause as her assailant. On March 25, 1993, the MBPD terminated Gause's employment. He was later charged with criminal offenses arising from Doe's allegations. The grand jury, however, returned a "No Bill" on these charges.

## I.

Gause argues the trial court erred in holding the SCTCA bars his slander claim against the MBPD.[1] We disagree.

Under the SCTCA, a governmental entity is not liable for a loss that results from "employee conduct outside the scope of his official duties or which constitutes actual fraud, *actual malice*, intent to harm, or a crime involving moral turpitude." S.C. Code Ann. § 15-78-60(17) (Supp. 1993) (emphasis added).

In a case involving the defamation of a public official,[2] the plaintiff must prove the defendant acted with actual malice. *Sanders v. Prince*, 304 S.C. 236, 403 S.E.

---

[1] The SCTCA limits the tort liability of "the State, an agency, a political subdivision, and a governmental entity." S.C. Code Ann. § 15-78-40 (Supp. 1993). The MBPD is a governmental entity under the SCTCA. *Id.* § 15-78-30(c), (d).

[2] The parties do not dispute Gause is a public official for the purposes of his slander claim. *See Botchie v. O'Dowd*, — S.C. —, 432 S.E. (2d) 458 (1993) (a deputy sheriff was a public official for the purposes of his defamation action against his employer, the sheriff, and was therefore required to prove actual malice); *McClain v. Arnold*, 275 S.C. 282, 270 S.E. (2d) 124 (1980) (a police officer is a public official for the purposes of a defamation action).

(2d) 640 (1991). To meet this standard, the plaintiff must show either that the defendant knew the statement was false or that the defendant made the statement with reckless disregard of its falsity. *Id.* (citing *New York Times Co. v. Sullivan,* 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed. (2d) 686 (1964)).

The SCTCA clearly excludes a governmental entity's liability for an individual's loss stemming from a state employee's conduct that constitutes actual malice. We therefore agree with the trial court that the SCTCA bars Gause's slander claim against the MBPD because Gause must prove the MBPD employee's conduct constituted actual malice in order to recover on this claim.

## II.

Gause also argues the trial court erred in holding the SCTCA bars his negligence claim against the MBPD. Again, we disagree.

Gause alleges the MBPD was negligent in that it failed to adequately investigate Doe's allegations, it assumed Gause was guilty based solely on Doe's allegations, and it failed to reevaluate his termination after the grand jury returned a "No Bill" on the charges against him.

To prove his negligence claim, Gause must show: (1) the MBPD owed him a duty to do or not to do any of the things alleged; (2) the MBPD breached this duty; (3) Gause was injured, and; (4) the MBPD's breach of duty proximately caused this injury. *South Carolina State Ports Auth. v. Booz-Allen & Hamilton, Inc.,* 289 S.C. 373, 346 S.E. (2d) 324 (1986); *Shipes v. Piggly Wiggly St. Andrews, Inc.,* 269 S.C. 479, 238 S.E. (2d) 167 (1977); *Winburn v. Insurance Co. of N. Am.,* 287 S.C. 435, 339 S.E. (2d) 142 (Ct. App. 1985). A negligence claim is insufficient if one of these elements is absent. *Id.*

Gause fails to meet the first element of a negligence claim because his complaint does not allege he was anything other than an at-will employee[3] who could be terminated at any time, for any reason, or for no reason at all, irrespective of any inadequate investigations, false assumptions, or failures to reevaluate on the part of the employer. *E.g., Small v. Springs Indus., Inc.,* 300 S.C. 481, 388 S.E. (2d) 808 (1990).

---

[3] At the hearing on the MBPD's motion to dismiss, Gause conceded he was an at-will employee.

We therefore hold the trial court properly dismissed Gause's negligence claim.[4]

Affirmed.

HOWELL, C.J., and SHAW, J., concur.

---

[4] The appellate court may affirm an order upon any ground appearing in the Record on Appeal. Rule 220(c), SCACR.