THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Charles Brown, Appellant,
 v.
 Deputy Winston
 Leonard, Orangeburg County Sheriff's Department, John Jordan, and Heilig
 Meyers, Respondents.
 
 
 

Appeal From Orangeburg County
 James C. Williams, Jr., Circuit Court
 Judge
Unpublished Opinion No. 2008-UP-039
Submitted December 1, 2007  Filed January
 11, 2008
AFFIRMED AS MODIFIED

 
 
 
 Fletcher N. Smith, Jr., of Greenville, for Appellant.
 Marshall H. Waldron, Jr., of Bluffton, for
 Respondents.
 
 
 

PER CURIAM: Charles
 Brown (Brown) appeals the granting of summary judgment for the respondents
 arguing that the South Carolina Tort Claims Act (SCTCA) does not preclude a
 claim for malicious prosecution solely because the cause of action includes the
 element of malice.  He also alleges that the statute of limitations on his negligent
 hiring cause of action did not begin to run until after the last act of
 tortious conduct, i.e., the malicious prosecution, as opposed to the alleged
 unlawful arrest.  We affirm.[1]
FACTS
On
 April 17, 2001, Brown entered Heilig Meyers, a retail furniture store located
 in Orangeburg, wherein a confrontation occurred between Brown and the store
 employees.  During the confrontation, a Heilig Meyers employee called the
 Sheriffs Department.  As Brown began to leave the store, he was met at the
 door by Deputy Winston Leonard (Leonard) of the Orangeburg County Sheriffs
 Department (hereinafter referred to as Sheriffs Department).  Deputy Leonard
 interviewed the employees at the store and learned that Brown allegedly assaulted
 and battered a store employee.  At that point Leonard placed Brown under arrest
 for assault and battery.  The charges against Brown were nolle prossed on
 November 3, 2003.
Brown filed this
 action on April 21, 2005, and attempted to serve it on the Sheriffs Department
 on April 22, 2005.  Brown alleges that the respondents maliciously prosecuted
 him and that the Sheriffs Department was grossly negligent in hiring and supervising
 Leonard.
On March 22, 2006,
 the respondents filed their motion for summary judgment based upon Browns
 failure to state a claim for which relief could be granted and that the court
 lacked personal jurisdiction over them.  The court granted summary judgment for
 the respondents.  This appeal follows. 
STANDARD
 OF REVIEW
When
 reviewing the grant of a summary judgment motion, this court applies the same standard of review as the trial court
 under Rule 56, SCRCP. Cowburn v. Leventis, 366 S.C. 20, 30, 619
 S.E.2d 437, 443 (Ct. App. 2005). Summary judgment
 is proper when there is no genuine issue as to any material fact and the moving
 party is entitled to a judgment as a matter of law. Rule 56(c), SCRCP.  To
 determine whether any triable issues of fact exist, the reviewing court must
 consider the evidence and all reasonable inferences in the light most favorable
 to the non-moving party. Law v. S.C. Dep't of Corrections, 368
 S.C. 424, 434, 629 S.E.2d 642, 648 (2006).
[W]hen plain, palpable, and indisputable facts exist
 on which reasonable minds cannot differ, summary judgment should be granted. Ellis
 v. Davidson, 358 S.C. 509, 518, 595 S.E.2d 817, 822 (Ct. App. 2004).
  However, [s]ummary judgment is not appropriate where further inquiry into the
 facts of the case is desirable to clarify the application of the law. Bennett
 v. Investors Title Ins. Co., 370 S.C. 578, 588, 635 S.E.2d 649, 654
 (Ct. App. 2006).  Even when there is no dispute as to evidentiary facts, but
 only as to the conclusions or inferences to be drawn from them, summary
 judgment should be denied. Nelson v. Charleston County Parks & Recreation Comm'n, 362 S.C. 1, 5, 605 S.E.2d 744, 746 (Ct. App. 2004).
LAW/ANALYSIS
Brown
 argues that the circuit court erred in finding the Sheriffs Department is
 immune from liability on the malicious prosecution cause of action due to S.C.
 Code Ann. §15-78-60(17) (Supp. 2003) of SCTCA since the tort includes the
 element of malice.  That section of the statute provides in pertinent part:

 The
 governmental entity is not liable for a loss resulting from:
(17) employee conduct outside the scope of his official duties or which constitutes actual fraud, actual malice, intent to harm, or a
 crime involving moral turpitude.

A strict reading of the
 statute indicates that a cause of action based upon conduct of an employee
 containing the element of malice cannot be maintained against the Sheriffs Department. 
 In order to maintain an action for malicious prosecution, Brown must prove the
 following: 1) the institution or continuation of original judicial proceedings,
 either civil or criminal; 2) by, or at the instance of the respondents; 3)
 termination of such proceedings in Browns favor; 4) respondents malice in
 instituting such proceedings; 5) lack of probable cause; and 6) resulting
 injury or damage.  Jordan v. Deese, 317 S.C. 260, 262, 452 S.E.2d
 838, 839 (1995).  To maintain a cause of action for malicious prosecution,
 plaintiff must prove malice in instituting the proceedings.  Pritchett v.
 Lanier, 766 F.Supp. 442, 453 (D.S.C. 1991) (citing Ruff v. Eckerd Drugs,
 Inc., 265 S.C. 563, 220 S.E.2d 649 (1975).  The aforementioned statutory
 immunity from claims that require a showing of actual malice was applied in Gause
 v. Doe, 317 S.C. 39, 451 S.E.2d 408 (Ct. App. 1994).  In that case, this
 court held that a cause of action for slander could not be maintained under
 SCTCA due to the fact that a mandatory element of the cause of action required
 a showing of malice. Id., 317 S.C. at 41-42, 451 S.E.2d at 409.  
Brown
 asserts that Law v. S.C. Dept of Corrections, 368 S.C. 424, 629 S.E.2d
 642 (2006), stands for a contrary proposition.  However, the trial court
 properly distinguished that case from the one at hand because in Law the
 court never addressed the malice immunity.  Since the defense was not raised in Law and was not considered by the court, Law is not dispositive
 precedent on the issue.  Hutto v. Southern Farm Bureau Life Ins. Co., 259 S.C. 170, 173, 191 S.E.2d 7, 8 (1972) (It is, of course, settled law that
 a case cannot be considered as a binding precedent on a
 legal point that was not argued in the case and not mentioned in the opinion.).
  Therefore, in the case at hand, the trial court properly granted summary
 judgment for the Sheriffs Department as to Browns claim for malicious
 prosecution.
However, the
 malicious prosecution claim, as it pertains to Deputy Leonard, is not entitled
 to the same analysis.  Although the Sheriffs Department is entitled to
 statutory immunity from claims requiring a showing of malice, individual
 employees are not entitled to benefit from that same immunity.  Otherwise,
 employees of organizations covered by SCTCA would have immunity from any
 intentional tort.  This concern was clearly considered by our legislature and
 is resolved by § 15-78-70(b) which provides an exception for certain actions on
 the part of governmental employees:

 Nothing
 in this chapter may be construed to give an employee of a governmental entity
 immunity from suit and liability if it is proved that the employees conduct
 was not within the scope of his official duties or that it constituted
 actual fraud, actual malice, intent to harm, or a crime involving moral
 turpitude. 

S.C. Code Ann. § 15-78-70(b)
 (Supp. 2003) (emphasis added).  Therefore, claims against such employees for
 torts which include these elements are not maintained under SCTCA but are
 pursued privately against the individual tortfeasor.  The SCTCA provides the
 exclusive civil remedy available for any tort committed by a governmental
 entity, its employees, or its agents except as provided in Section
 15-78-70(b). S.C. Code Ann. § 15-78-20(b) (Supp. 2003) (emphasis added).  Thus,
 the circuit court erred in dismissing the malicious prosecution claim against
 Deputy Leonard based upon the same immunity granted to the Sheriffs
 Department.
However,
 despite Browns ability to pursue a claim against Leonard for malicious
 prosecution, his claim nonetheless must fail since he has not demonstrated the
 lack of probable cause as a matter of law.  Probable cause,
 which is a defense to an action for malicious prosecution, has been defined as the existence of such facts
 or circumstances as would excite the belief of a reasonable mind, acting on
 facts within the knowledge of the prosecutor, that the person charged was
 guilty of the crime for which he was prosecuted. Lynch v. Toys "R''
 Us-Delaware, Inc., Op. No. 4316 (S.C. Ct. App. Filed Nov. 27, 2007)
 (Shearouse Adv. Sh. No. 41 at 68) (quoting Ruff v. Eckerds Drugs, 265 S.C. 563, 568, 220 S.E.2d 649, 652 (1975)). Thus, as far as determining the
 existence of probable cause, the
 facts must be regarded from the point of view of the prosecuting party; the
 question is not what the actual facts were, but what the prosecuting party
 honestly believed them to be. Law, 368 S.C. at 436, 629 S.E.2d at
 649.  Although the question of whether probable cause exists is ordinarily a jury question, in an action for malicious prosecution, it may be
 decided as a matter of law when the evidence yields but one conclusion. Id.  
Here,
 Deputy Leonard acted with probable cause in arresting and procuring an arrest
 warrant against Brown.  Deputy Leonard arrived at the scene soon after the incident
 occurred and after the police were called to respond to the scene because of a
 disturbance at the business.  The record shows that John Jordan and Sheila
 Snell gave statements to Deputy Leonard alleging that Brown, without
 provocation, punched Jordan in the face.  The deputy also indicated to the
 magistrate issuing the warrant that there was swelling to the right side of
 John Jordans face.  The magistrate ultimately found probable cause existed
 upon issuance of the warrant. The existence of probable cause is apparent from
 the record.  Again, we must decide probable cause based on the facts presented
 to the deputy.  If the statements provided to the deputy were false or
 incorrect, then potential liability exists as to those individuals who may have
 provided any false or incorrect statements; however, such acts would not
 diminish the existence of probable cause absent some basis for the deputy to
 believe them to be false.  Brown has also filed a malicious prosecution claim
 against John Jordan and Helig Meyers based upon their allegedly false assertion
 that he committed an assault; those claims are not the subject of this appeal. 
 Therefore, the fact that the statements were made to the deputy suggests the existence
 of probable cause as a matter of law.
While
 Brown asserts that Leonard did not see or observe Brown punching or assaulting
 anyone, this assertion does not entitle Brown to maintain a malicious
 prosecution action.  The deputy provided statements under oath to the
 magistrate about facts which suggested that a crime had been committed.  The
 magistrate found probable cause that a crime had been committed.  On appeal,
 Brown does not challenge the finding of probable cause by the magistrate. 
 Instead, the gravamen of Browns claim is that the statements made were
 allegedly false.  His inconsistent and conclusory allegation that no one
 provided any statements to the deputy is unsupported by the record and the
 record is lacking as to any basis upon which Brown acquired such personal
 knowledge.  See, e.g., Lujan v. Nat'l Wildlife Fed'n, 497
 U.S. 871, 888, 110 S.Ct. 3177, 3188 (1990) (The object of [Rule 56] is not to
 replace conclusory allegations of the complaint or answer
 with conclusory allegations of an affidavit.); Lavender v. Kurn, 327 U.S. 645, 653, 66 S.Ct. 740, 744 (1946)
 (stating speculation and conjecture are not a substitute for probative facts); Zarecki
 v. Nat'l R.R. Passenger Corp., 914 F.Supp. 1566, 1574 (N.D.Ill. 1996)
 (An affidavit that does not set forth the facts and
 reasoning used in making a conclusion amounts to nothing more than a denial of
 the adverse party's pleading.).  Indeed, the only evidence of record is that
 the statements were made to the deputy outside of Browns presence.  Moreover,
 the only argument made to the court appeared in Browns brief and asserted only
 that the warrant, without more, is not enough to establish probable cause.  Accordingly,
 a claim for malicious prosecution may not be maintained against Leonard under
 these circumstances.  Law enforcement must be free to reasonably act under the
 circumstances presented without fear of the filing of a lawsuit absent any
 evidence of wrongdoing or improper conduct.
In addition, Brown
 did not establish Leonards malice in instituting the judicial proceedings.  Malice
 is defined as the deliberate intentional doing of an act without just cause or
 excuse. Law, at 437, 629 S.E.2d at 649 (quoting Eaves v. Broad River
 Elec. Co-op., Inc., 277 S.C. 475, 479, 289 S.E.2d 414, 416 (1982)).  

 Malice
 does not necessarily mean a defendant acted out of spite, revenge, or with a
 malignant disposition, although such an attitude certainly may indicate malice.
 Malice also may proceed from an ill-regulated mind which is not sufficiently cautious
 before causing injury to another person. Moreover, malice may be implied where
 the evidence reveals a disregard of the consequences of an injurious act,
 without reference to any special injury that may be inflicted on another
 person. Malice also may be implied in the doing of an illegal act for one's own
 gratification or purpose without regard to the rights of others or the injury
 which may be inflicted on another person. In an action for malicious
 prosecution, malice may be inferred from a lack of probable cause to institute
 the prosecution. 

Law, at 437, 629 S.E.2d at 649 (citing Margolis v.
 Telech, 239 S.C. 232, 122 S.E.2d 417, 420 (1961)).
Leonard was
 investigating a complaint of an assault and battery, took witness statements
 and observed the evidence on the scene.  In so doing, Leonard made the
 determination that there was probable cause to institute judicial proceedings
 against Brown for assault and battery.  Brown has failed to establish by
 competent facts that at any time Leonard lacked probable cause or was operating
 with malice.   
Finally, Brown
 argues that his negligent hiring and supervision claim, as opposed to the
 malicious prosecution claim, was improperly barred based on the statute of
 limitations.  Brown alleges that the statute of limitations should not have
 begun to run on his claims for negligent hiring and supervision until his
 charges were nolle prossed on November 3, 2003.  The trial judge in his order
 granting summary judgment found that the statute of limitations on that claim
 began to run on April 17, 2001, the date of his arrest.  The trial judge
 concluded that upon his arrest Brown knew, or should have known by the exercise
 of reasonable diligence, that the cause of action existed.  Epstein v. Brown,
 363 S.C. 372, 380, 610 S.E.2d 816, 820 (2005).  We agree with this conclusion. 
 A negligence action arising after April 5, 1988, must be commenced within three
 years after the person knew or by the exercise of reasonable diligence should
 have known that he had a cause of action. S.C. Code Ann. § 15-3-535 (Supp. 1996); Christensen v. Mikell, 324 S.C. 70, 73, 476 S.E.2d 692, 694
 (1996).  The exercise of reasonable diligence means that an injured party
 must act promptly where the facts and circumstances of an injury would put a
 person of common knowledge and experience on notice that some right of his has
 been invaded or that some claim against another party might exist. Wiggins
 v. Edwards, 314 S.C. 126, 128, 442 S.E.2d 169, 170 (1994) (quoting Snell
 v. Columbia Gun Exchange, 276 S.C. 301, 303, 278 S.E.2d 333, 334
 (1981)).  Furthermore, in determining when the limitations period begins to
 run, the proper focus is upon the date of discovery of the injury, not the date
 of the discovery of the wrongdoer. Wiggins, 314 S.C. at 128, 442
 S.E.2d at 170.  Regardless of whether the SCTCA two year statute of limitations
 or the standard three year statute of limitations is applicable, Browns claim
 for negligent hiring and supervision was filed outside of either statute of
 limitations.  Brown didnt file his complaint until April 22, 2005, four years
 and five days after his time to file began to run.  Accordingly, although
 Browns claim for malicious prosecution was timely, the claim for negligent
 hiring and supervision was properly dismissed for being untimely.[2]
Since we ultimately
 affirm the trial court on both issues presented, we need not address the
 respondents contention that the court lacked personal jurisdiction due to
 improper service of process. Futch v. McAllister Towing of Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding that the court need not rule on remaining issues when
 the disposition of a prior issue is dispositive of the appeal).[3]
CONCLUSION
Upon a careful
 review of the record, Browns cause of action for negligent hiring and supervision
 was properly dismissed as being untimely.  Further, SCTCA precludes Brown from
 bringing a claim for malicious prosecution against the Orangeburg County
 Sheriffs Department.  In addition, while the malicious prosecution claim
 should not have been dismissed as to Deputy Leonard based upon the same
 exception for malice  available to the governmental entity under SCTCA, the
 dismissal of the cause of action is nonetheless appropriate due to the
 existence of probable cause as a matter of law.  
For the foregoing
 reasons, the order of the trial court is hereby
AFFIRMED.
HUFF and PIEPER, JJ., and CURETON, A.J., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] No issue on appeal has been presented as to the
 running of the statute of limitations on the malicious prosecution claim as it
 was never addressed by the trial court due to dismissal of the claim under the
 SCTCA.
[3] Brown includes in his brief on appeal that he
 also had an outstanding claim for false arrest.  However, no such claim appears
 in his complaint and the argument was never presented to or ruled upon by the
 trial court.  As such it is not preserved for us to review.  Floyd v. Floyd, 365 S.C. 56, 73, 615 S.E.2d 465, 474 (Ct. App. 2005) (holding an issue cannot
 be raised for the first time on appeal, but must have been raised to and ruled
 upon by the trial court to be
 preserved for appellate review).