**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Angela Parsons, Appellant,

v.

Jane Smith, QHG of South Carolina d/b/a Carolinas Hospital System, and Carolinas Hospital System, Defendants,

Of whom QHG of South Carolina d/b/a Carolinas Hospital System, and Carolinas Hospital System are the Respondents.

Appellate Case No. 2014-001636

Appeal From Florence County
Michael G. Nettles, Circuit Court Judge

Unpublished Opinion No. 2015-UP-403
Submitted May 1, 2015 – Filed August 12, 2015

**AFFIRMED**

Pheobe Annette Clark, of Wukela Law Office, of Florence, for Appellant.

Elizabeth Schwartz Corn, of Hall Booth Smith, PC, of Charleston, and Richard Sheinis, of Hall Booth Smith, PC, of Atlanta, GA, for Respondents.

---

**PER CURIAM:** Angela Parsons appeals the trial court's grant of summary judgment to QHG of South Carolina, doing business as Carolinas Hospital Systems, Carolinas Hospital Systems (collectively, Hospital), and Jane Smith (collectively, Defendants) in her wrongful termination suit. On appeal, Parsons, an at-will employee of Hospital, asserts the trial court erred in granting summary judgment on her claim of wrongful termination in violation of public policy when her supervisor, Smith, engaged in fraudulent acts. She also asserts the trial court erred in granting summary judgment on her claim that Hospital was negligent in supervising Smith and in investigating Parsons's allegations of mistreatment by Smith.

1. Regarding Parsons's claim for wrongful termination in violation of public policy, we find the evidence viewed in the light most favorable to Parsons does not support the claim because Parsons has not enunciated, and the allegations do not demonstrate, any clear mandate of public policy that was violated in this case. *See Barron v. Labor Finders of S.C.*, 393 S.C. 609, 613, 713 S.E.2d 634, 636 (2011) ("When reviewing the grant of summary judgment, appellate courts apply the same standard applied by the trial court pursuant to Rule 56(c), SCRCP."); Rule 56(c), SCRCP (stating summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); *Barron*, 393 S.C. at 613, 713 S.E.2d at 636 ("In determining whether any triable issues of fact exist, the court must view the evidence and all reasonable inferences in the light most favorable to the non-moving party."); *Taghivand v. Rite Aid Corp.*, 411 S.C. 240, 243, 768 S.E.2d 385, 386 (2015) ("South Carolina has a strong policy favoring at-will employment. . . . Accordingly, absent a contractual provision to the contrary, an employee may be terminated at any time for any reason or no reason, with or without cause." (citations omitted)); *Barron*, 393 S.C. at 614, 713 S.E.2d at 636-37 (explaining that "[u]nder the 'public policy exception' to the at-will employment doctrine, . . . an at-will employee has a cause of action in tort for wrongful termination where there is a retaliatory termination of the at-will employee in violation of a clear mandate of public policy"); *Taghivand,* 411 S.C. at 243, 768 S.E.2d at 387 (noting that South Carolina courts have thus far only "invoked the public policy exception in two instances: (1) where an employer requires an

employee, as a condition of continued employment, to break the law . . . and (2) where an employer's termination is itself illegal"; but noting also that the exception is not limited to these situations (citations omitted)); *id*. at 244, 768 S.E.2d at 387 (stating South Carolina courts should "exercise restraint when undertaking the amorphous inquiry of what constitutes public policy"). Parsons's asserts her supervisor's fraud in scheduling Parsons in a way that guaranteed she would not accumulate the required number of hours and in telling other nurses not to call Parsons as a substitute is against public policy. Assuming Smith acted as Parsons claims, Smith's actions, though arguably duplicitous, do not constitute fraud because her actions were not material misrepresentations upon which Parsons's relied to her detriment. *See Regions Bank v. Schmauch*, 354 S.C. 648, 672, 582 S.E.2d 432, 444 (Ct. App. 2003) ("Fraud is an intentional perversion of truth for the purpose of inducing another in reliance upon it to part with some valuable thing belonging to her or to surrender a legal right."); *id*. at 672, 582 S.E.2d at 444-45 (listing the following elements of a fraud claim: "(1) a representation; (2) its falsity; (3) its materiality; (4) either knowledge of its falsity or a reckless disregard of its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury"). Therefore, we find no clearly articulated public policy violation in the way Parsons's employment was terminated.

2. Regarding Parsons's claim for negligent supervision and failure to investigate Smith, we find the trial court correctly determined Hospital owed Parsons no duty to supervise Smith's scheduling and no duty to investigate Parsons's claims against Smith. *See Taghivand*, 411 S.C. at 243, 768 S.E.2d at 386 (stating that "absent a contractual provision to the contrary, an [at-will] employee may be terminated at any time for any reason or no reason, with or without cause"); *Gause v. Doe*, 317 S.C. 39, 42, 451 S.E.2d 408, 409 (Ct. App. 1994) (stating that to prove a negligence claim, a plaintiff must show (1) the defendant owed him a duty to do or not to do any of the things alleged, (2) the defendant breached this duty, (3) the plaintiff was injured, and (4) the defendant's breach of duty proximately caused this injury); *id.* ("A negligence claim is insufficient if one of these elements is absent."); *id*. at 42, 451 S.E.2d at 409 (finding a terminated employee could not prevail on his claim for negligence against his former employer on allegations that his former employer failed to investigate allegations of misconduct that led to his termination and failed to reevaluate his termination once the allegations of misconduct were not proven); *id.* (stating the employee "fail[ed] to meet the first element of a negligence claim because his complaint did not allege he was

anything other than an at-will employee who could be terminated at any time, for any reason, or for no reason at all, irrespective of any inadequate investigations, false assumptions, or failures to reevaluate on the part of the employer" (footnote omitted)). It is uncontested that Smith had complete discretion in setting the schedule for her employees, and therefore, Hospital had no duty to supervise or investigate the manner in which Smith scheduled her employees. Therefore, no duty to supervise or investigate arose in this case.

**AFFIRMED.**[1]

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.