**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

James W. Trexler, Appellant,

v.

The Humane Society for the Prevention of Cruelty to Animals, and Wayne Brennessel, individually and as Executive Director of the Humane Society for the Prevention of Cruelty to Animals, Respondents.

Appellate Case No. 2014-000663

———————

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

———————

Unpublished Opinion No. 2016-UP-520
Submitted September 1, 2016 – Filed December 21, 2016

———————

**AFFIRMED**

———————

William H. Johnson, of Law Office of William H. Johnson, LLC, of Manning; Matthew David Hamrick, of Kernodle Coleman, of Charleston; and Warren W. Wills, III, of Law Office of W. Westbrook Wills III, of Folly Beach, for Appellant.

William O. Sweeny, III and John Earle Tyler, both of Sweeny Wingate & Barrow, PA, of Columbia; and

Roopal S. Ruparelia, of Haynsworth Sinkler Boyd, PA, of Columbia, all for Respondents.

**PER CURIAM:** James W. Trexler appeals the circuit court's order granting summary judgment in favor of the Humane Society for the Protection and Care of Animals (the HSPCA) and the HSPCA's executive director, Wayne Brennessel (collectively, Respondents) as to Trexler's claims for malicious prosecution and defamation. We affirm.[1]

First, we find the circuit court did not err in granting summary judgment in favor of Respondents as to Trexler's malicious prosecution claim. *See Pallares v. Seinar*, 407 S.C. 359, 365-66, 756 S.E.2d 128, 131 (2014) ("An appellate court reviews the granting of summary judgment under the same standard applied by the [circuit] court pursuant to Rule 56, SCRCP." (quoting *Brockbank v. Best Capital Corp.*, 341 S.C. 372, 379, 534 S.E.2d 688, 692 (2000))); Rule 56(c), SCRCP (providing a circuit court shall grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); *Pallares*, 407 S.C. at 365, 756 S.E.2d at 131 ("In determining whether any triable issues of fact exist, the [circuit] court must view the evidence and all reasonable inferences that may be drawn therefrom in the light most favorable to the party opposing summary judgment."); *Turner v. Milliman*, 392 S.C. 116, 122, 708 S.E.2d 766, 769 (2011) ("In order to withstand a motion for summary judgment in cases applying the preponderance of the evidence burden of proof, the non-moving party is only required to submit a mere scintilla of evidence."); *Law v. S.C. Dep't of Corr.*, 368 S.C. 424, 435, 629 S.E.2d 642, 648 (2006) ("[T]o maintain an action for malicious prosecution, a plaintiff must establish . . . lack of probable cause . . . ." (quoting *Parrott v. Plowden Motor Co.*, 246 S.C. 318, 321, 143 S.E.2d 607, 608 (1965))); *id.* at 436, 629 S.E.2d at 649 ("In determining the existence of probable cause, the facts must be 'regarded from the point of view of the party prosecuting; the question is not what the actual facts were, but what he honestly believed them to be.'" (quoting *Eaves v. Broad River Elec. Coop., Inc.*, 277 S.C. 475, 478, 289 S.E.2d 414, 416 (1982))); *id.* ("[W]hether probable cause exists . . . may be decided as a matter of law when the evidence yields but one conclusion."); *Parrott*, 246 S.C. at 322, 143 S.E.2d at 609 (noting probable cause is "the extent of such facts and circumstances as would excite the belief in a reasonable mind acting on the

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

facts within the knowledge of the prosecutor that the person charged was guilty of a crime for which he has been charged, and only those facts and circumstances which were or should have been known to the prosecutor at the time he instituted the prosecution should be considered"); *id.* (stating the plaintiff has the burden to prove the absence of probable cause).

Second, we find the circuit court did not err in granting summary judgment in favor of Respondents as to Trexler's defamation claims. *See* Rule 220(c), SCACR (noting this court may affirm any ruling upon any ground appearing in the record); *Banks v. St. Matthew Baptist Church*, 406 S.C. 156, 161, 750 S.E.2d 605, 607 (2013) ("To prove defamation, a plaintiff must show . . . 'a false and defamatory statement was made . . . .'" (quoting *Erickson v. Jones St. Publishers, LLC*, 368 S.C. 444, 465, 629 S.E.2d 653, 664 (2006))).

We find it unnecessary to address any remaining issues on appeal. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting this court need not address remaining issues on appeal when disposition of a prior issue is dispositive).

**AFFIRMED.**

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**