**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

James W. Trexler, Appellant,

v.

Richland County and the Sheriff of Richland County, in his official Capacity, a/k/a Richland County Sheriff's Department, Respondents.

Appellate Case No. 2014-002032

———————

Appeal From Richland County
DeAndrea G. Benjamin, Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-041
Submitted September 1, 2016 – Filed January 18, 2017

———————

**AFFIRMED**

———————

William H. Johnson, of the Law Office of William H. Johnson, LLC, of Manning; Warren W. Wills, III, of the Law Office of W. Westbrook Wills III, of Folly Beach; and Matthew David Hamrick, of Kernodle Coleman, of Charleston, for Appellant.

Andrew F. Lindemann and Robert David Garfield, both of Davidson & Lindemann, PA, of Columbia, for Respondents.

———————

**PER CURIAM:**  James W. Trexler appeals a circuit court order granting summary judgment in favor of the Richland County Sheriff, doing business as the Richland County Sheriff's Department (the Sheriff's Department).  Trexler argues the circuit court erred in granting summary judgment in favor of the Sheriff's Department on his (1) malicious prosecution claim because there was a question of fact regarding whether probable cause existed for Trexler's arrest and (2) defamation claim by finding the Sheriff's Department was entitled to immunity because its employee made false statements with actual malice.  In support of his assertion regarding the defamation claim, Trexler contends the circuit court incorrectly found he was a public official at the time the underlying events occurred.  Trexler further argues the circuit court made findings of fact unsupported by the record.  We affirm.[1]

When reviewing a grant of summary judgment, this court reviews the grant under the same standard applied by the circuit court pursuant to Rule 56, SCRCP.  *Pallares v. Seinar*, 407 S.C. 359, 365-66, 756 S.E.2d 128, 131 (2014).  Rule 56(c), SCRCP, provides a circuit court shall grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that . . . no genuine issue [exists] as to any material fact and that the moving party is entitled to a judgment as a matter of law."  "In order to withstand a motion for summary judgment . . . , the non-moving party is only required to submit a mere scintilla of evidence."  *Turner v. Milliman*, 392 S.C. 116, 122, 708 S.E.2d 766, 769 (2011).  "In determining whether any triable issues of fact exist, the [circuit] court must view the evidence and all reasonable inferences that may be drawn therefrom in the light most favorable to the party opposing summary judgment."  *Pallares*, 407 S.C. at 365, 756 S.E.2d at 131.

First, because Trexler failed to prove a lack of probable cause, the circuit court did not err in granting summary judgment in favor of the Sheriff's Department as to Trexler's malicious prosecution claim.  *See Law v. S.C. Dep't of Corr.*, 368 S.C. 424, 435, 629 S.E.2d 642, 648 (2006) ("An action for malicious prosecution fails if the plaintiff cannot prove each of the required elements by a preponderance of the evidence, including malice and lack of probable cause."); *id.* at 436, 629 S.E.2d at 649 ("In determining the existence of probable cause, the facts must be 'regarded from the point of view of the party prosecuting; the question is not what the actual facts were, but what he honestly believed them to be.'" (quoting *Eaves v. Broad River Elec. Coop., Inc.*, 277 S.C. 475, 478, 289 S.E.2d 414, 416 (1982))); *id.* ("South Carolina has long embraced the rule that a true bill of indictment is prima facie evidence of probable cause in an action for malicious prosecution."); *id.*

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

("Although the question of whether probable cause exists is ordinarily a jury question, it may be decided as a matter of law when the evidence yields but one conclusion.").

Second, we affirm the circuit court's grant of summary judgment on Trexler's defamation claim. The circuit court found Trexler admitted the Sheriff's Department's employee acted with actual malice; Trexler failed to appeal this finding. Accordingly, this finding is the law of the case. *See Shirley's Iron Works, Inc. v. City of Union*, 403 S.C. 560, 573, 743 S.E.2d 778, 785 (2013) ("An unappealed ruling is the law of the case and requires affirmance."). Because the Sheriff's Department's employee acted with actual malice, the South Carolina Tort Claims Act (the Act) granted the Sheriff's Department immunity from any loss resulting from the employee's conduct. *See* S.C. Code Ann. § 15-78-60(17) (2005) (granting immunity to a governmental entity for a loss resulting from "employee conduct outside the scope of his official duties or which constitutes . . . *actual malice*[ or] *intent to harm*" (emphasis added)); S.C. Code Ann. § 15-78-30(d) (2005) (noting that a "[g]overnmental entity" includes the state and its political subdivisions); *Jones v. Lott*, 387 S.C. 339, 349, 692 S.E.2d 900, 905 (2010) (providing a sheriff's department is a governmental entity as defined by the Act); *Gause v. Doe*, 317 S.C. 39, 42, 451 S.E.2d 408, 409 (Ct. App. 1994) ("The [Act] clearly excludes a governmental entity's liability for an individual's loss stemming from a state employee's conduct that constitutes *actual malice*." (emphasis added)).[2]

**AFFIRMED.**

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**

---

[2] We find it unnecessary to address whether Trexler was a public official for the purposes of the underlying matter. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not address remaining issues on appeal when the determination of a prior issue is dispositive).